The following constitutes
the order of the court. Signed December 09, 2010

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 10-58737 CN |
|---|---|
| HSR GENERAL ENGINEERING CONTRACTORS, INC. | Chapter 11 |
| Debtor(s). | **ORDER DENYING MOTION FOR RELIEF FROM STAY** |

Before the court is the motion of creditor First National Insurance Company of America ("First National") for relief from the automatic stay to permit it to recover account receivables due to debtor HSR General Engineering Contractors, Inc. ("HSR") on contracts for which First National serves as surety. All appearances were noted on the record. This matter was consolidated for hearing with HSR's motion for preliminary injunction in Adversary Proceeding No. 10-5309 in which HSR seeks to prevent First National from collecting the disputed funds. The facts pertinent to this motion are set forth in this court's order of even date denying HSR's motion for preliminary injunction. The court summarizes the applicable facts herein, and finds and holds as follows:

HSR and Safeco Insurance Company ("Safeco") agreed that various Safeco companies would act as HSR's surety and issue payment and performance bonds on public works projects for which HSR served as general contractor. First National is one of the Safeco companies entitled to act as surety.

To facilitate the surety arrangement, HSR executed a General Indemnity Agreement for Contractors in favor of Safeco ("Agreement"). Under the Agreement, HSR indemnified Safeco

1

1 company sureties from any loss incurred in connection with a bonded project. The Agreement also
2 contains several provisions intended to provide collateral security for HSR's repayment obligations in
3 the event of default. First, the sureties received an assignment of and a security interest in, among other
4 things, any money due to HSR on the bonded contract. The surety, however, could not exercise any
5 rights under the assignment or security interest absent a default. The Agreement further provided that
6 all monies that HSR earned would be "trust funds . . . for the benefit of and for payment of HSR's
7 obligations for labor, material and supplies furnished to [HSR] in connection with a [bonded contract]."
8 HSR also agreed that the surety could file the Agreement as a financing statement.

9 Between March 2008 and August 2009, First National issued payment and performance bonds
10 on seven of HSR's public works projects (the "bonded jobs"). As of the time of hearing, it had paid
11 over $250,000 in claims filed by HSR's bonded job subcontractors and suppliers.

12 Based on the Agreement, First National asserts a superior interest in HSR's receivables due on
13 bonded jobs and seeks authority to collect the funds and apply them against all amounts paid out under
14 any bond issued on HSR's behalf.

15 As alleged in its complaint against First National, HSR asserts that the receivables are property
16 of its bankruptcy estate and denies that First National has any superior interest in them. In addition,
17 HSR asserts that First National's security interest in the receivables is an avoidable, preferential transfer,
18 and that these funds are essential to its ability to reorganize.

19 On the record before this court, cause does not exist to grant First National's motion for relief
20 from stay. Although there is some evidence that First National may have a security interest in the funds,
21 that interest may be avoidable as a preference. Absent evidence of an unavoidable security interest,
22 First National cannot establish the requisite cause for relief from stay to proceed with its recovery
23 efforts. Similarly, First National has failed, at this juncture, to establish its immediate right to the funds
24 under California trust or subrogation law.

25 Based on the above findings and as further explained on the record in open court, with good
26 cause appearing,

27 IT IS HEREBY ORDERED THAT:

28

2

**ORDER DENYING MOTION FOR RELIEF FROM STAY**
Case: 10-58737   Doc# 105   Filed: 12/09/10   Entered: 12/10/10 14:07:12   Page 2 of 4

1 | The Motion For Relief from Stay of First National Insurance Company of America is denied
2 | without prejudice to re-filing as further proof becomes available.

*** END OF ORDER ***

Case No. 10-58737 CN

**COURT SERVICE LIST**

Scott L. Goodsell
Gregory J. Charles
William J. Healy
Campeau, Goodsell and Smith
440 N 1st St. #100
San Jose, CA 95112

HSR General Engineering Contractors Inc.
1345 Vander Way
San Jose, CA 95112

James Diwik
Joel M. Long
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105-1008

Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004