Wm. Thomas Lewis, Esq. (California State Bar No. 116695)
**ROBERTSON & LEWIS**
An Association of Attorneys
150 Almaden Boulevard, Suite 950
San Jose, CA 95113-2375
Telephone: (408) 294-3600

Attorneys for Secured Creditor
Heritage Bank of Commerce

UNITED STATES BANKRUPTCY COURT
Northern District

| | |
|---|---|
| In re:<br><br>HSR GENERAL ENGINEERING CONTRACTORS INC,<br><br>Debtor. | Case No. 10-58737<br><br>CHAPTER 11<br><br>SECURED CREDITOR'S OBJECTION TO THE AMENDED INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY DEBTOR'S COUNSEL<br><br>Date: March 15, 2011<br>Time: 2:00 p.m.<br>Judge: Hon. Charles Novak |

Secured Creditor **HERITAGE BANK OF COMMERCE** (the "Secured Creditor") hereby objects to the amended interim application for compensation and reimbursement of expenses by debtor's counsel (the "Amended Application") as follows:

1. **The Cash on Hand Is Proceeds of Secured Creditor's Cash Collateral, and Thus Is Subject to Secured Creditor's Senior Lien**. Debtor and Secured Creditor are parties to a Stipulation for Use of Cash Collateral, and for Adequate Protection dated October 7, 2010, filed with the court on October 8, 2010 as docket number 46, and approved by the court by its order dated October 14, 2010 And filed as docket no. 63 (the "Cash Collateral Stipulation").

Section 1.c.ii of the Cash Collateral Stipulation acknowledges that "[a]ll cash of the bankruptcy estate and all proceeds of the Debtor's accounts receivable, equipment and inventory are cash collateral subject to Heritage's security interest" and Section 1.c.iii confirms that "Heritage is

ROBERTSON & LEWIS
150 Almaden Blvd
Suite 950
San Jose, CA
95113
(408) 294-3600

1

Case: 10-58737    Doc# 183    Filed: 02/28/11    Entered: 02/28/11 10:26:50    Page 1 of 4

granted a replacement lien, effective as of August 23, 2010, upon all presently owned and hereafter acquired assets of the Debtor, including accounts receivable, to the same extent, priority and validity as existed on the Petition date."

Section 1.b of the Cash Collateral Stipulation confirms as follows:

> Debtor is authorized to use Cash Collateral for the purpose of paying reasonable, necessary and ordinary expenses as specified in the operating budget prepared by Debtor, attached hereto (the "Budget"). Debtor may also use Cash Collateral to pay the quarterly fees required by the office of the United States Trustee and payment of Heritage's attorneys' fees and expenses as required by the loan documents. Except as authorized by this Stipulation and/or by any subsequent order of the Court, Debtor may not make any payments of Cash Collateral to or for the benefit of itself, or any other individual or entity, without Secured Creditor's prior written consent.

The fees sought by the Amended Application are not reflected in the approved Budget attached to the Cash Collateral Stipulation and Secured Creditor does not consent to same. Section 1.c.vi of the Cash Collateral Stipulation provides that, among the expenses expressly prohibited to be paid with Secured Creditor's cash collateral are payment of professional fees, unless provided for in the Budget, consented to by Secured Creditor in writing, or ordered by the Court.

Section 1.c.iv of the Cash Collateral Stipulation provides that "costs or expenses of administration shall not be imposed as a surcharge against Heritage's collateral pursuant to Bankruptcy Code Section 506(c)." Authorizing the payment of these administrative and professional fees prior to full payment to Secured Creditor constitutes a surcharge against Secured Creditor's cash collateral, in violation of the Cash Collateral Stipulation.

2. **The Amended Application Does Not Comply Withe the Guidelines**. The Narrative of the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Guidelines") specify (in pertinent part) as follows with respect to category billings:

> The professional may use reasonable discretion in defining projects for this purpose, provided that the application provides meaningful guidance to the Court as to the complexity and difficulty of the task, the professional's efficiency, and the results achieved. The number of billing categories created should take account of the total amount of fees and expenses sought in the case. Thus, for example, an application totaling $100,000 should generally be broken into more categories than an application totaling $10,000, even if the nature of the work represented in the two applications is otherwise similar.

ROBERTSON & LEWIS
150 Almaden Blvd
Suite 950
San Jose, CA
95113
(408) 294-3600

There is no minimum amount necessary to justify the creation of a new billing category. The maximum amount that should be included in a single category should generally be $20,000. This cap may be exceeded where further breakdown is impractical (e.g., courtroom time in a long trial). Generally, each category *should contain less than $20,000* (emphasis added).

Even if the court does not deny the Amended Application because of the reasons set forth above, the Amended Application still does not fully address, "the complexity and difficulty of the task, the professional's efficiency, and the results received." Debtor's counsel merely breaks down the category amount in excess of $20,000. For example, on page 4 of the Amended Application, lines 14-19, Debtor's counsel claims $25,790 in Case Administration. Debtor's counsel then breaks down this category into two sub-categories, "General Pre-Petition Administration" of which 25.3 hours were expended at a cost of $10,135, and "General Post-Petition Administration" of which 36.8 hours were expended at a cost of $15,655, both of which total the $25,790.00 claimed. No further explanation is given.

3. **The Application for Fees Associated with the Amended Application Admittedly Exceed the Guidelines**: The section of the Amended Application entitled "Fee Application" admits that the $14,250 sum sought exceeds the five percent (5%) sum (or $7,610) authorized by Section 6 of the Guidelines and no explanation is provided as to why even the $7,610 recommended maximum sum authorized by the Guidelines is reasonable for preparing the relatively straight forward Application and Amended Application.

4. **The Amended Application Is Devoid of Any Cash Flow or Estate Profitability Analysis or Description**. Section 2 of the Guidelines requires that the narrative on case administration disclose "whether the business of the debtor, if any, is being operated at a profit or loss; the debtor's cash flow; whether a plan has been filed, and if not, what the prospects are for reorganization and when it is anticipated that a plan will be filed and a hearing set on the disclosure statement." All that the Amended Application discloses is the general operations of the Debtor and provides some information regarding the sale of Secured Creditor's equipment collateral. No information regarding whether the business of the debtor, if any, is being operated at a profit or loss; the debtor's cash flow; whether a plan has been filed, and if not, what the prospects are for reorganization and when it is anticipated that a plan will be filed and a hearing set on the disclosure statement is provided.

ROBERTSON & LEWIS
150 Almaden Blvd
Suite 950
San Jose, CA
95113
(408) 294-3600

Additionally, Section 2 of the Guidelines requires that "the application should state the amount of money on hand in the estate and the estimated amount of other accrued expenses of administration." Page 11 of the Amended Application does disclose that the estate has $240,000 of current funds available, but does not address at all the estimated amount of other accrued expenses of administration.

5.      **No Copy of the Debtor Transmittal Letter Is Attached**.  Section 7 of the Guidelines requires that a specific form of transmittal letter be provided to Debtor prior to the submission of the Application to the court and that a copy of same be attached to the Application.  No such letter is attached.

6.      **Several Categories of Costs are Excessive or Unnecessary**.  Several items enumerated in the Amended Application are excessive or unnecessary.

With respect to the Cash Collateral stipulations with Secured Creditor, $16,282.50 is sought. Other than the emergency motion, the amount of negotiations regarding cash collateral have been relatively few. The records for counsel for Secured Creditor indicate that Secured Creditor's counsel has spent less that ten (10) hours on cash collateral stipulations and related hearings. The 38 hours claimed by the application are clearly excessive.

With respect to Post Petition Operations, counsel seeks reimbursement for book keeping assistance, insurance policy renewal issues, and other matters comprising the day-to-day management of Debtor's business.  Debtor cannot rely on counsel to hold its hand in every aspect of its business operations and to undertake the day-to-day administration of its business; instead, such activities need to be undertaken by Debtor, with its own personnel.  It is inappropriate to have outside counsel undertake these administrative tasks and then seek reimbursement from the estate for same.

Dated: February 28, 2011                           **ROBERTSON & LEWIS**

                                                    By: /s/ *Wm. Thomas Lewis*
                                                        Wm. Thomas Lewis
                                                        Attorneys for Secured Creditor
                                                        Heritage Bank of Commerce

T:\0510 - Heritage Bank\099 - HSR\Bankruptcy\Application for Attorney's Fees - Debtor's counsel\First Interim Application\Heritage Objection to Amended Application.wpd

ROBERTSON & LEWIS
150 Almaden Blvd
Suite 950
San Jose, CA
95113
(408) 294-3600