CAMPEAU GOODSELL SMITH
A Law Corporation
SCOTT L. GOODSELL, SBN 122223
WILLIAM J. HEALY, SBN 146158
440 N. 1st Street, Suite 100
San Jose, California 95112
(408) 295-9555

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Case No.10-58737 |
| | ) | |
| HSR GENERAL ENGINEERING CONTRACTORS, INC., | ) ) | CHAPTER 11 |
| | ) | DATE: March 15, 2011 |
| Debtor. | ) | TIME: 2:00 p.m. |
| _____ | ) | JUDGE: Hon. Charles Novack |
| | | 280 S. First Street, Room 3070 |
| | | San Jose, California |

**REPLY BRIEF RE: AMENDED INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTOR**

Campeau Goodsell Smith ("CGS" or "Applicant") respectfully submits the following reply to the objections of Heritage Bank of Commerce ("Heritage") and First National Insurance Company of America ("First National") which were the only objections received to Applicant's Interim Application For Compensation And Reimbursement of Expenses By Attorney For Debtor and Amended Interim Application For Compensation And Reimbursement of Expenses By Attorney For Debtor ("Application") as follows:

**I. The Only Objections To The Initial And Amended Application Were From Heritage and First National To The Application.**

Applicant initially gave notice of its Application on January 10, 2010 and then filed and served an amended notice of the Application on February 15, 2011. The only objections received by Applicant were from Heritage and First National with most of First National's appearing as being copied from Heritage's objection.

**II. The Application Complies With The Guidelines And Generally and As Required Provides Meaningful Guidance To The Court Regarding The Matters Discussed Therein.**

The court's Guidelines for Compensation and Expense Reimbursement of Professional and Trustees ("Guidelines") are designed to provided applicants with a framework through which they can provided meaningful guidance to the court as to the complexity and difficulty of the task, the professional's efficiency, and the results achieved. The Guidelines, by their very language, are guidelines and not absolute parameters. Applicant assigned matters to various categories relative to the size, chapter, and complexity of the case and roll of the Applicant and with respect to each category and each project or task specifically identified the number of hours spent, the results obtained, and the requested amount of compensation and expenses requested.

**III. Applicant Submits The Objections Should Be Overruled As Non-Material To Applicant's Compliance With The Guidelines.**

Applicant submits the objections should be overruled as non-material to Applicant's compliance with the Guidelines.

To alleviate the alleged concerns regarding the Application's compliance with the Guidelines, Applicant submits the following: (1) the Court previously held Status Conferences and other hearings in this main case and in an adversary proceeding and is well versed on the underlying nature of the case and the central issues; (2) at the January 6, 2011 Status Conference Applicant advised the court on the general status of the case and that discussion regarding

disclosure statement and plan would be better after Debtor had sold and disposed of many of its assets, it had made progress relative to its pending adversary, and it worked through the construction industry's winter 'down season', (3) on January 6, 2011, the Court scheduled a Status Conference for April 7, 2011 at which time the status of the Debtor's business, the status of the pending adversary, and the timing of a disclosure statement and plan are scheduled to be addressed; (4) at this time Applicant believes all other accrued expenses of administration were subject to orders from this Court and paid by the Debtor in accordance with such orders; (5) a supplemental certification of Applicant is included herein to address alleged concerns regarding compliance with sections 7 ("Client Review of Billing Statement", aka "transmittal letter") and section 8 ("Certification") of the Guidelines; (6) Patrick Brassill is not Debtor's bookkeeper (as the testimony elicited by First National as a prior hearing demonstrated), but rather a Certified Public Accountant ("CPA"), Debtor's comptroller, and responsible for all aspects of Debtor's financing, including such areas as accounting, payroll, taxes, banking, and financial analysis; (7) Debtor's counsel's efforts regarding cash collateral were more significant than Heritage's counsel because, in part, Heritage did not have the same responsibilities as Applicant in readying the cash collateral information for presentation to the court and to Heritage, did not have the same responsibilities as Debtor in provided notice to creditors and securing court approval, did not address the objections from First National, and has the added benefit of being an experienced bankruptcy participant whereas Debtor is not.

Applicant submits the remaining objections regarding Applicant's compliance with the Guidelines and reasonableness of its requested compensation adequately address in the Application.

**IV. The Application Does Not Involved Cash Collateral As The Funds On Hand Are Unencumbered Funds Resulting From The Sale Of Debtor's Unencumbered Assets.**

As Heritage is aware from its negotiations with Debtor and Applicant, at the time of the commencement of this case Debtor held encumbered and unencumbered assets, the court approved the sale of these assets, most of these assets were sold, and the sale proceeds were distributed consistent with the order approving the sale, namely Heritage received the net proceeds from sold assets encumbered by its liens and Debtor received the net proceeds from sold assets not encumbered by its liens.

The current Application does not purport to surcharge Heritage's collateral as the objection may assert.

**V. Conclusion.**

Applicant respectfully submits that the Application should be approved.

DATED: March 11, 2011         CAMPEAU GOODSELL SMITH

                              By __William J. Healy_____
                                 William J. Healy
                                 Attorneys for Debtor

# SUPPLEMENTAL CERTIFICATION ON INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTOR

I, William J. Healy, say:

1. I am an attorney with the law firm of Campeau Goodsell Smith, attorneys of record for debtors herein. I make this supplemental declaration in support of said law firm's application for interim compensation and reimbursement of expenses as attorneys for debtors in this Chapter 11 case. If called as a witness, I would competently testify as follows:

2. I have read the Application, to the best of my knowledge and information and belief, which were formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the court's Guidelines for Compensation and Expense Reimbursement of Professional and Trustees ("Guidelines"), except as specifically noted in the Application, and the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Applicant and generally accepted by Applicant's clients.

3. I also prepared this reply brief and to the best my knowledge and information and belief, which were formed after reasonable inquiry, the statements therein are true and correct.

4. As required by the Guidelines and customary with all applications for compensation, the attachments to the Application accurately represent the related tasks and time expended and expenses incurred. Applicant believes that the services so rendered and costs so incurred herein were necessary and that the fees and costs requested constitute reasonable and necessary fees expended on behalf of the estate.

5. Attached hereto as Exhibit A is a true and correct copy of the cover transmittal

letter provided to Debtor prior to the filing and service of the Application and Debtor's execution of the **DEBTOR-IN-POSSESSION'S STATEMENT RE FEE APPLICATION**.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California, on March 11, 2011.

                                         _William J. Healy_
                                         William J. Healy

# EXHIBIT A

SCOTT L. GOODSELL
GREGORY J. CHARLES
WILLIAM J. HEALY

KENNETH J. CAMPEAU
*OF COUNSEL*

LAW OFFICES
CAMPEAU GOODSELL SMITH
A LAW CORPORATION
440 N. FIRST STREET, SUITE 100
SAN JOSE, CALIFORNIA 95112
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 295-6606

February 15, 2011

Keith Dorsa
HSR General Engineering Contractors, Inc.
440 N. 1st St.
San Jose, CA 95112

      Re:    *In re HSR General Engineering Contractors, Inc.*
                *U.S. Bankruptcy Court, Northern District of California*
                *Case No.: 10-58737*

Dear Mr. Dorsa:

     Enclosed is a copy of United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("Guidelines"). The Guidelines and Bankruptcy Local Rules, Rule 9029-1 require we provided you a copy of the Guidelines and we provided you with the following information:

"Client Review of Billing Statement—A debtor in possession, trustee or official committee shall exercise reasonable business judgment in monitoring the fees and expenses of the estate's professionals. Billing statements should be sent to the employing entity (debtor in possession, trustee or official committee) on a monthly basis. A fee application shall be sent to the employing entity at least 20 days prior to the scheduled hearing date. The application shall be transmitted with a cover letter that contains the following statement:

The court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees provide that a debtor in possession, a trustee or an official committee must exercise reasonable business judgment in monitoring the fees and expenses of the estate's professionals. We invite you to discuss any objections, concerns or questions you may have with us. The Office of the United States Trustee will also accept your comments. The court will also consider timely filed objections by any party in interest at the time of the hearing."

                                     Very truly yours,
                                     CAMPEAU GOODSELL SMITH
                                     /s/ William J. Healy
                                     William J. Healy

Enclosure: As Indicated