Wm. Thomas Lewis, Esq. (California State Bar No. 116695)
**ROBERTSON & LEWIS**
An Association of Attorneys
10 Almaden Boulevard, Suite 500
San Jose, CA 95113-2375
Telephone: (408) 294-3600

Attorneys for Secured Creditor
Heritage Bank of Commerce

UNITED STATES BANKRUPTCY COURT
Northern District

| In re: | Case No. 10-58737 |
|---|---|
| HSR GENERAL ENGINEERING CONTRACTORS, INC., | CHAPTER 11 |
| Debtor. | DECLARATION OF KEVIN KNOX IN SUPPORT OF SECURED CREDITOR'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR LIMITED USE OF CASH COLLATERAL AND FOR DETERMINATION OF NATURE AND EXTENT OF CASH COLLATERAL |
| | Date: June 13, 2011
Time: 11:00 a.m.
Judge: Hon. Charles Novak |

I, Kevin Knox, hereby declare as follows

1   I am a Senior Vice President of **HERITAGE BANK OF COMMERCE** (the "Secured Creditor"), am authorized to make this declaration, have personal knowledge of the matters set forth herein and, if called as a witness, I could and would competently testify to the matters set forth below.

2   Attached hereto as Exhibit "A" is a true and correct copy of that certain Security Agreement dated September 12, 2007, the original of which was executed and delivered by debtor **HSR GENERAL ENGINEERING CONTRACTORS, INC.** (the "Debtor") to Secured Creditor, which Security Agreement granted Secured Creditor a pre-petition lien on (among other things) all presently owned and hereafter acquired Deposit Accounts.

3   Attached hereto as Exhibit "B" is a true and correct copy of that certain UCC Financing Agreement, the original of which was filed with the California Secretary of State on the date(s) recited therein.

ROBERTSON & LEWIS
150 Almaden Blvd
Suite 950
San Jose, CA 95113
(408) 294-3600

Case: 10-58737   Doc# 219-2   Filed: 06/11/11   Entered: 06/11/11 20:06:03   Page 1 of 3

4     Attached hereto as Exhibit "C" is a true and correct copy of that certain Security Agreement dated December 18, 2009, the original of which was executed and delivered by Debtor to Secured Creditor, which Security Agreement granted Secured Creditor a pre-petition lien on (among other things) all presently owned and hereafter acquired Deposit Accounts.

5     Attached hereto as Exhibit "D" is a true and correct copy of that certain UCC Financing Agreement, the original of which was filed with the California Secretary of State on the date(s) recited therein.

6     Debtor is in default under the Stipulation for Use of Cash Collateral and for Adequate Protection on file a docket no. 46 (the "Cash Collateral Stipulation") by failing to make the adequate protection payments due for April and May of this year.

7     At no point did Debtor dispute that it was in default under the Cash Collateral Stipulation and the Motion itself does not assert that no such default exists and is continuing.

8     Prior to the date of this declaration, Debtor and Secured Creditor had been in extensive communications in some attempt to reach a global resolution of the obligations owing by Debtor to Secured Creditor and Secured Creditor made regular and repeated written demands for Debtor to make past due adequate protection payments that were owing.  Attached hereto as Exhibit "E" are a sample of the e-mail communications that the parties exchanged in connection with same.

9     On or about May 23, 2011, I had a telephone conference with Debtor's principal and guarantor Keith Dorsa.  In that conference, Mr. Dorsa advised me that Debtor was not going to make any further adequate protection payments until the parties reached a global settlement of all obligations, including the release of Mr. Dorsa from his contingent guarantor liabilities respecting Debtor's obligations owing to Secured Creditor.

10    As such, Debtor's failed to make the adequate protection payments was not merely the result of oversight or cash flow difficulties, but was part of an intentional plan to withhold payment of same in order to pressure Secured Creditor into making an overall settlement with Debtor.

11    Debtor has not shown that Secured Creditor will be adequately protected notwithstanding Debtor's use of Secured Creditor's cash collateral in accordance with the Motion.  Debtor has not established that (i) it will generate net accounts receivable (that is, accounts net of operating costs required to generate same) from such use of Secured Creditor's cash collateral that are of collectable

ROBERTSON & LEWIS
150 Almaden Blvd.
Suite 950
San Jose, CA
95113
(408) 294-3600

quality and that equal or exceed the cash collateral so consumed, (ii) such accounts will be paid and collectable within a reasonable period of time, and (iii) that such accounts will be free and clear of any adverse claims (including, without limitation, claims of bonding companies of other third parties).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: June 11, 2011          /s/ *Kevin Knox*
Kevin Knox

D:\CLIENTS\0510 - Heritage Bank\099 - HSR\Bankruptcy\Emergency Motion re Cash Collateral June 2011\Knox Declaration in Support of Opposition.wpd

ROBERTSON & LEWIS
150 Almaden Blvd
Suite 950
San Jose, CA
95113
(408) 294-3600

Case: 10-58737　Doc# 219-2　Filed: 06/11/11　Entered: 06/11/11 20:06:03　Page 3 of 3