1  CAMPEAU GOODSELL SMITH
   A Law Corporation
2  SCOTT L. GOODSELL, SBN 122223
   WILLIAM J. HEALY, SBN 146158
3  440 N. 1st Street, Suite 100
   San Jose, California 95112
4  (408) 295-9555

5
   Attorneys for Debtor
6

7

8

9                    UNITED STATES BANKRUPTCY COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13  In re:                          )   Case No.10-58737
                                     )
14  HSR GENERAL ENGINEERING          )   CHAPTER 11
        CONTRACTORS, INC.,           )
15                                   )   DATE:    September 20, 2011
                                     )   TIME:    11:00 a.m.
16              Debtor.              )   JUDGE:   Hon. Charles Novack
    _____)            280 S. First Street, Room 3070
17                                                San Jose, California

18

19
        SECOND APPLICATION FOR INTERIM COMPENSATION AND
20      REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTOR

21

22

23

24

25

26

27

# TABLE OF CONTENTS

Introduction

General Case Administration

General Cash Collateral

Cash Collateral Dispute and Litigation

Cash Collateral Compromise and Forbearance

Management of Post Petition Projects

Post Petition Compromise of Bonded Project Issue

Creditor Efforts To Compel Contract Rejection

General Post Petition Operation

Asset Sales

Lease and Executory Contracts

Adversary Proceeding

Creditor Claims Analysis

Miscellaneous Union Issues

Fee Application

Conclusion

CERTIFICATION BY ATTORNEY FOR DEBTOR

DEBTOR-IN-POSSESSION'S STATEMENT

The SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTOR ("Campeau Goodsell Smith" or "CGS" or "Applicant") respectfully represents:

**INTRODUCTION**

Applicant submits this SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTOR ("Application") for services rendered and costs incurred on behalf of the Debtor HSR GENERAL ENGINEERING CONTRACTORS, INC. ("HSR" or "Debtor") from December 25, 2010 through July 29, 2011. Applicant previously filed and served an Application for Interim Compensation and Reimbursement of Expenses by Counsel for Debtor for the period of August 21, 2011 (Petition Date August 23, 2011) through December 24, 2010. The court heard the initial application on March 15, 2011 and issued a formal order on March 17, 2011 (Docket#188) authorizing the Debtor to pay Applicant $122,888.25 in attorneys fees and $1,752,99 in costs, less the retainer.

Applicant is a professional corporation, each of whose attorneys is duly licensed and admitted to practice before the above-entitled Court, and serve as attorneys for debtor herein, having been so retained by debtor and employed upon order of this Court. Applicant has performed various legal services for the debtor, particulars of which are hereinafter set forth.

**GENERAL CASE ADMINISTRATION**

Debtor HSR is a San Jose based general engineering contractor specializing in environmental remediation and heavy civil engineering, with many projects undertaken for governmental entities. Until early 2010, Safeco/First National provided performance bonds for governmental-related projects, but due to on-going disputes HSR replaced Safeco as its surety. In/about June 2010, Safeco filed stop-payment notices on several pending projects, resulting in

3

termination of revenues to HSR on those bonded projects, resulting in HSR's inability to complete work on unfinished Safeco-bonded projects, and ultimately resulting in those governmental entities rejecting HSR's bids on other non-Safeco-related new project proposals.

In August 2010, after Safeco proved unwilling to resolve its stop-payment demands, HSR engaged CGS to evaluate a potential bankruptcy reorganization and thereafter elected to file a Chapter 11 petition to reorganize its affairs.

Since December 2010 and for seven (7) months (July 2011), CGS conferred with and assisted the debtor in complying with the obligations required by the Bankruptcy Rules and the U.S. Trustee Guidelines, including preparation of monthly operating reports, communicating with representatives of the U.S. Trustee's office and the Bankruptcy Clerk's office with respect to issues arising in this case, conferring with various creditors concerning claims asserted and developments in the case and various other counsel taking part in this case, and advising the debtor regarding various licensing, business, and estate matters.

In connection with the foregoing and for the seven (7) months from December 2010 to July 2011, Applicant expended 22.00 hours, at a cost to the estate of $12,812.00.

### GENERAL CASH COLLATERAL

Since December 2010 and for the following seven (7) months (July 2011), CGS assisted and consulted debtor with various cash collateral issues, including a related dispute and eventual compromise with its secured creditors (discussed hereinafter). Immediately after the Chapter 11 case was commenced, CGS commenced efforts to identify and address any cash collateral issues and secure agreements with the debtor's secured creditors for use of cash collateral.

4

Thereafter, the issue of debtor's cash collateral and associated budgeting became and thereafter remained one of debtor's most significant management issues. CGS assisted the debtor in assembling financial data to evaluate cash collateral issues, make cash collateral and administrative claim payments, and budget its operation. CGS also assisted the debtor in evaluating the recovery of various collateral and reduce associated operational expenses to insure cash collateral payments were made to debtor's secured creditors. From time to time, CGS counsel and Heritage counsel conferred regarding the status of debtor's payments to Heritage.

In connection with the foregoing, CGS expended 45.20 hours, at a cost to the estate of $19,392.00.

## CASH COLLATERAL DISPUTE AND LITIGATION

In early June, debtor's secured creditors (Heritage[1]) froze all of debtor's DIP accounts, including a DIP account which held unencumbered funds not subject to Heritage's liens and not part of Heritage's cash collateral. The freezing of all of debtor's DIP accounts essentially rendered debtor helpless and unable to operate, including continue and complete work on several pending projects, cover existing and outstanding obligations, and secure additional work.

CGS counseled debtor regarding debtor's rights and remedies relative to Heritage's action and made informal efforts to resolve the situation before seeking assistance from the court. CGS moved the court for an expedited hearing and order to compel Heritage to pay existing and outstanding obligations (i.e. cover outstanding checks on collateral projects) and to lift the freeze on the debtor's DIP account which held funds unencumbered and not part of Heritage's cash collateral so debtor could, at its discretion, use such funds to continue and complete work on

---

[1]Heritage means Heritage Bank of Commerce and the Small Business Administration as Heritage administers both obligations.

5

pending projects, cover existing and outstanding obligations (i.e. UST Fees), and secure additional work.

Debtor, with the assistance of CGS, was able to secure a formal order and determination over Heritage's objections that the funds held in one of debtor's DIP accounts was not cash collateral subject to Heritage's lien and must be unfrozen for debtor's use. Thereafter, CGS assisted debtor to secure Heritage's compliance with the court's order and determination, evaluating debtor's rights to a potential claim for damages and sanctions for against Heritage for violation of the automatic stay, and evaluating debtor's rights and remedies relative to projects lost as a result of Heritage's freezing on these accounts.

In connection with the foregoing, CGS expended 43.50 hours at a cost to the estate of $18,827.50.

## CASH COLLATERAL COMPROMISE AND FORBEARANCE

Debtor's pre-petition contract with Heritage required monthly payments of approximately $25,000. Pursuant to debtor's cash collateral agreements with Heritage and related orders debtor paid Heritage $25,000 a month post-petition though March. The payments to Heritage were very burdensome to debtor and notwithstanding debtor's cost reduction efforts these payments remained a significant challenged and threatened debtor's ability to operate post-petition and potentially reorganize.

CGS consulted with and assisted debtor regarding debtor's options to secure, by consent or order, a modified and more realistic cash collateral payment. In this regard, CGS assisted debtor in determining its realistic payment and related cash collateral options and first pursuing an informal resolution and agreement with Heritage.

6

In June 2011, debtor, with the assistance of CGS, was able to reach an agreement with Heritage in the form of a final cash collateral agreement and a related forbearance agreement. In summary, the agreements substantially reduced debtor's monthly cash collateral obligations more than $20,000, provided certainty in the short and long terms, provided for a potential principal reduction, allowed debtor to pay outstanding post-petition business and administrative expenses, including insurance and UST fees, without significant monitoring or reporting requirements beyond monthly operating reports, and placed debtor in a position to continue to operate and work towards reorganization. This agreement with Heritage was fundamentally critical to debtor's ability to pay Heritage, operate efficiently, and potentially reorganize. CGS secured court approval of the cash collateral stipulation and subsequently, in the form of a compromise of controversy, of the forbearance agreement over initial objections from First National.

In connection with the foregoing, CGS expended 24.20 hours at a cost to the estate of $10,190.00.

## MANAGEMENT OF PRE-PETITION PROJECTS

As debtor's general bankruptcy counsel, CGS has been asked by debtor to address and advise debtor on various bankruptcy and non-bankruptcy-specific issues arising in debtor's general business operations, such as personnel issues, union and labor issues, banking and financial issues, corporate issues and claims asserted by debtor against various entities. Specific to the nature of debtor's business and pre-petition construction projects, CGS assisted debtor with addressing issues related to various pre-petition projects, including the Presidio, Jacques Gulch, Coyote Point, and CalTrans Highway 17. These pre-petition projects, most of which have positive balances owing to the debtor, remained incomplete due to First National's pre-petition stop notices. Management of these projects was complicated by the continued presence of the stop

7

notices, potential completion and liquidated damage issues, considerations regarding First National's continued claims to contract proceeds held by the project owners, contract assumption and rejection considerations, cash collateral concerns, and associated budget issues.

In connection with the foregoing, CGS expended 17.90 hours at a cost to the estate of $8,052.50.

## PRE-PETITION COMPROMISE OF BONDED PROJECTS ISSUES

Debtor's relationship with its surety First National and First National's pre-petition actions and inactions as discussed hereinabove was the primary cause of debtor's commencement of this bankruptcy. At the time of commencement of this bankruptcy debtor had several projects in various levels of completion which were subject to First National's bond claims. At the time of commencement of his bankruptcy. Many of these projects had substantial revenue outstanding, but withheld as a result of First National's stop notices. The resolution of debtor's relationship with First National was significant to debtor's bankruptcy.

Debtor and CGS made continued efforts to persuade First National to discuss resolution of various related matters. Eventually First National agreed to meet with debtor and CGS and informally discuss resolution of various related matters. Debtor, First National, and counsel met in late January 2011 for several hours, CGS presented a detailed framework to resolve various related matters, and encouraged First National to move forward with a resolution which would allow completion of certain outstanding projects, release contract funds, get creditors paid, and resolve the related adversary proceeding. In reliance of the discussed framework, debtor performed additional work on certain outstanding projects.

Debtor and CGS were not able to secure First National's commitment to a framework to resolve all related matters, but continued efforts to persuade First National that resolution was

8

better than litigation. Although outside the time parameters of this Application, debtor and CGS has renewed discussions with First National regarding resolution of all related matters and debtor and CGS will continue such efforts to resolve one of this bankruptcy case's most important and relatively complicated issues.

In connection with the foregoing, CGS expended 37.30 hours at a cost to the estate of $16,887.50.

## CREDITOR EFFORTS TO COMPEL CONTRACT REJECTION

At various times throughout this bankruptcy case First National has made inquiries regarding relief from stay so it can, among other things, complete bonded projects which were not completed due to First National's stop payment notices. Due to the overlapping issues between First National's motion for relief from stay and debtor's pending adversary proceeding, the court combined the two matters.

In November and December First National made inquiries regarding debtor rejecting various contracts so First National could, pursuant to its various bond obligations, complete outstanding work on certain projects. Debtor and CGS maintained that contract rejection was not required for First National to fulfill its bond obligations to the project owners and raised potential legal and logistical concerns, in particular the potential impact on the outstanding contract revenue and the adversary proceeding.

Debtor and CGS evaluated these legal and logistical concerns, evaluated First National's motions to compel rejection of various contracts and the associated request for turnover of pre-petition revenues, and thereafter successfully opposed First National's motions to compel immediate rejection of various contracts and turnover of pre-petition revenues.

In connection with the foregoing, CGS expended 45.60 hours at a cost to the estate of

9

$19,950.00.

## GENERAL POST-PETITION OPERATIONS

Since December 2010 and for the following seven (7) months, CGS has assisted debtor in various aspects of its post-petition operations. CGS routinely assisted debtor and its personnel resolving monthly operating report issues, recovery of insurance refunds, and similar matters.

In particular, CGS assisted debtor with analysis and the recovery of monies due to the debtor from Zurich Insurance and from the Santa Clara Valley Water District ("SCVWD").

In summary, debtor and CGS determined that Zurich Insurance owed debtor a refund of approximately $45,000.00 relating to premiums paid by the debtor. Zurich Insurance was markedly slow in acknowledging the refund, eventually agreed to pay approximately $41,000.00 to debtor as a partial refund, required involvement of CGS to make the agreed payment, and still owes debtor, along with the insurance broker, approximately $4,000.00. CGS will further assist Debtor it Zurich Insurance and its broker continue to delay issuance of the further refund.

In summary, debtor and CGS also evaluated debtor's various contracts with SCVWD and determined that SCVWD did not properly perform under two contracts with the debtor and debtor was owed monies pursuant to these contracts. Debtor initiated contact with counsel for SCVWD and after efforts has received a proposal whereby the SCVWD pays the debtor $187,500.00 pursuant to existing contracts. Debtor believes an agreement has been reached. Once finalized, Debtor's and CGS's efforts relative to the SCVWD should provide a significant benefit to the estate.

In connection with the foregoing, CGS has expended 37.00 hours at a cost to the estate of $16,417.50.

10

# ASSET SALES

From the outset of this Chapter 11 case, debtor and CGS concluded that the sale of debtor's substantial rolling stock would be necessary to reduce debtor's obligations to Heritage Bank to a manageable sum. CGS immediately conferred with Heritage's counsel regarding the auction sale of debtor's excess equipment and the terms thereof, secured the court's approval of debtor's retention of a broker and sale, and assisted debtor  obtained a gross sum exceeding $1,000,000 from the equipment auction sale.

After completion of the auction sale, CGS assisted debtor and Heritage in resolving various related and post sale issues, including payment from purchasers, customer complaints regarding the sale, and allocation between collateral and non-collateral DIP accounts. In addition, CGS assisted debtor evaluate the disposition of additional assets by way of sale, or as applicable, through the normal course of business in order to maximize the value of such assets and recovery monies for the benefit of the estate.

In connection with the foregoing, CGS has expended 10.80 hours, at a cost to the estate of $4,675.00.

## LEASES AND EXECUTORY CONTRACTS

At the commencement of this case Debtor maintained numerous leases and executory contracts. CGS assisted debtor evaluate these various leases and executory contracts, advised debtor of its rights relative to these leases and executory contracts, and in this regard communicated with the creditor or creditor's counsel regarding disposition of the various leases and executory contracts. In this regard, CGS assisted debtor regarding terminating its office lease and exiting its leased facility and payment of related administrative claims. Thereafter, over the next seven (7) months, CGS assisted debtor reach agreements with various vehicle lease holdings

11

for adequate protection and/or surrender agreements, evaluating potential surrender and purchase options, and surrendering various vehicles. All of these efforts were to reduce debtor's operational expenses relative to its cash collateral obligations and general revenues.

In connection with the foregoing, CGS has expended 30.0 hours, at a cost to this estate of $12,750.00.

## ADVERSARY PROCEEDING

## (SAFECO/FIRST NATIONAL LITIGATION )

Debtor filed its voluntary petition within 90 days from the recordation date of First National's UCC-1 security interest lien against debtor's assets. Within days of the filing of the petition, CGS filed a complaint to avoid First National's lien. First National's previously posted stop-payment notices were preventing debtor from effectively reorganizing its business operations and collecting receivables necessary to complete unfinished Safeco-related projects.

The court conducted an initial hearing on debtor's motion for preliminary injunction and First National's associated motion for relief from stay and thereafter issued rulings that required the adversary proceeding and associated motion for relief from stay to continue without interim relief.

Since December 2010 and for the following seven (7) months through July 2011, CGS continued to prosecute the adversary proceeding, including attendance at court hearings, researching associated damage and sanction claims against First National, conducting discovery, and preparing a motion for summary judgment.

Debtor and CGS maintain that voiding First National's lien is necessary to debtor effectively reorganizing its business operations and collecting receivables necessary to complete unfinished Safeco-related projects and paying creditors.

12

In connection with the foregoing, Applicant has expended 39.20 hours, at a cost to the estate of $17,282.50.

## CLAIMS ANALYSIS

Since December 2010 and over the following seven (7) months through July 2011, Applicant worked with the debtor to review, evaluate, and address, as necessary, numerous creditor claims and conferred with debtor concerning their respective merits. The unique nature of debtor's bonds with First National made early resolution of these claims, through debtor's surety(ies) or other means, critical to the adversary proceeding, cash collateral issues, potential resolution of matters with First National, and debtor's reorganization efforts.

In addition, a few creditors, including United Rentals, Ron's Trucking, Sweeney Mason, and others, commenced litigation based on the claims filed in this case, but against debtor's surety, alleged guarantors, and/or others. Debtor has consulted with Applicant regarding these various matters as such may relate directly to the merits of such claims against the debtor and involved employees and principals of the debtor. Applicant has not appeared in these litigation matters but has persuaded, as necessary, counsel for the litigants to pursue recovery under applicable bonds, to recognize debtor's concerns regarding the merits of the underlying claim, to remove debtor from the litigation, to not conduct discovery as to the debtor, and to recognize the existence and application of the automatic stay to claims against the debtor and non-bankruptcy findings that they may try to subsequently assert against the debtor.

In connection with the foregoing, Applicant has expended 44.30 hours, at a cost to the estate of $19,505.00.

//

13

## MISCELLANEOUS UNION ISSUES

Debtor's business used various union labor as elected by debtor or as required by contract and as such had various wage and benefit obligations payable to unions. These obligations are complicated because the construction industry and union agreements provide unions with the ability to collect payments from multiple sources regardless of a direct contractual relationship.

Since December 2010 and over the following seven (7) months through July 2011, debtor consulted with Applicant regarding several miscellaneous union issues that impacted debtor's daily operations, receipt of pre-petition and post-petition revenues where union payments may be claimed, union post-petition stop notices (on pre-petition obligations), debtor's ability to secure laborers for various projects, and address cash collateral. Further, Applicant addressed demand by unions for payment of pre-petition obligations, refusals to provide post-petition laborers, potential inter-pleading of revenues to secure payment to unions, and evaluating payment issues relating to union benefits by debtor, by project owners, or other sources.

In connection with the foregoing, Applicant has expended 11.80 hours at a cost to the estate of $5,140.00.

## FEE APPLICATION

Applicant expended 20 hours in preparing this interim fee application at a cost of approximately $8,500.00. (Per Guidelines, $9,426.75 is 5% of the application sum).

In addition, after the filing of Applicant initial application Applicant, reviewed and responded to various objections from creditors, namely Heritage and First National, advising debtor regarding responding to such objections, and consulting with debtor regarding payment of various administration expenses, including professionals.

14

In connection with the foregoing, Applicant expended 16.50 hours, at a cost to the estate of $7,012.50.

<u>**CONCLUSION**</u>

In the course of representation in these matters from December 25, 2010 through July 29, 2011, Applicant has devoted in excess of 400 hours of professional services, as indicated on Applicant's project billing statements, which are attached as Exhibit A. The Statement identifies the individuals who have performed specific services and is summarized as follows:

| | | |
|---|---|---|
| Scott L. Goodsell (SLG) | 63.20 | 475.00/hr. |
| Scott L. Goodsell (SLG) | 2.50 | No Charge |
| Gregory J. Charles (GJC) | 24.40 | 450.00/hr. |
| Gregory J. Charles (GJC) | 2.00 | No Charge |
| William J. Healy (WJH) | 261.60 | 425.00/hr. |

In view of the time expended and the responsibilities assumed, Applicant respectfully submits that the reasonable value of its services hereinabove set forth is $188,535.00.

Applicant has also expended the sum of $225.67 for court fees, photocopying, postage, telephone and other costs, as set forth in Exhibit B. All requests for costs are based on the <u>Guidelines for Compensation of Professionals</u>.

Applicant believes that the services so rendered and costs so incurred herein were necessary and that the fees and costs requested constitute reasonable and necessary fees expended on behalf of the estate. In accordance with its Rule 2016(b) Disclosure of Compensation, Applicant has previously received a retainer in the amount of $25,000.00 from Debtors in connection with the Chapter 11 case. No part of the monies previously received by Applicant has been shared with any person, and no agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered in connection with this case, except with the members and associates of Applicant's law firm.

15

1     Applicant has agreed to be paid by Debtor as circumstances permit.

2          WHEREFORE, Applicant prays that this court enter its order (i) approving as interim

3     compensation those Chapter 11 attorneys fees incurred and costs expended by Applicant from

4     December 25, 2010 through July 29, 2011 in its representation as further set forth above; (ii)

5     authorizing Debtors to pay to this Applicant the sum of $188,535.00 for services rendered and

6     $225.67 for costs expended but not yet compensated by Debtors as set forth in this Application;

7     and (iii) for such further relief as this court deems proper.

8     DATED: August 30, 2011          CAMPEAU GOODSELL SMITH

9

10                                      By __William J. Healy_____
                                           William J. Healy
11                                         Attorneys for Debtor

16

## CERTIFICATION ON INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTOR

I, William J. Healy, say:

1.     I am an attorney with the law firm of Campeau Goodsell Smith, attorneys of record for debtors herein.  I have personal knowledge of the matters stated therein based on my involvement in the representation of the debtor and preparation of this application except as to those matters upon which I am informed and believe to be true. Without waiving applicable attorney client and work product privileges I make this declaration in support of said law firm's referenced application for interim compensation and reimbursement of expenses as attorneys for debtors in this Chapter 11 case, confirm that the contents of the referenced application are true and correct, and if called as a witness, I would competently testify as follows:

2.     In accordance with its Disclosure of Compensation, Applicant has previously received a retainer in the amount of $25,000.00 from the debtor in connection with this case.

3.     No part of the monies previously received by Applicant has been shared with any person, and no agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered in connection with this case, except with the members and associates of Applicant's law firm.

4.     Attached hereto as exhibits are true and correct copies:

Exhibit A: Applicant's project billing statements-professional services and costs

Exhibit B: Applicants's Client Transmittal Correspondence  (Guidelines)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California, on August 30, 2011.

   William J. Healy   
William J. Healy

17

## **DEBTOR-IN-POSSESSION'S STATEMENT RE FEE APPLICATION**

I, Michael Dorsa, say:

1.      I am the Responsible Person for the debtor-in-possession.

2.      I have reviewed the billings regarding the interim Chapter 11 fee application filed by Campeau Goodsell Smith, counsel of record for the debtors-in-possession herein, and support said application.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California, on August __, 2011.

_____

18

# EXHIBIT A

HSR, INC.

| DATE | EMP | General Case Administration | HOURS | AMOUNT |
|------|-----|---------------------------|-------|--------|
| 12/28/2010 | SLG | Draft emails to/from client and attorney Johnson re Strauss claim and licensing board issues | 0.30 | 142.50 |
| 1/3/2011 | WJH | Conference with client and P. Brassill re status conference issues | 0.40 | 170.00 |
| 1/3/2011 | WJH | Draft debtor status conference statement | 0.30 | 127.50 |
| 1/10/2011 | WJH | Finalize first interim CGS fee application, including conference with client and P. Brassill re same | 1.60 | 680.00 |
| 1/11/2011 | WJH | Draft emails to/from client re pending sale of remaining collateral, and telephone conference with P. Brassill re same | 0.20 | 85.00 |
| 1/14/2011 | WJH | Conference with client re Sprint cancellation of post-petition charges | 0.30 | 127.50 |
| 1/14/2011 | WJH | Telephone conference with Sprint confirming bankruptcy filing, non-authorized charges, and cancellation of post petition services | 0.40 | 170.00 |
| 1/19/2011 | WJH | Conference with client re UST fees, Ron's Trucking matter, and fee arbitration matter | 0.60 | 255.00 |
| 1/21/2011 | WJH | Draft emails to/from client re case administration matters | 0.20 | 85.00 |
| 2/3/2011 | WJH | Prepare status conference statement | 0.50 | 212.50 |
| 2/3/2011 | WJH | Telephone conferences with trade creditors regarding post petition payment of pre-petition debt and potential application for payment by bonding company | 0.30 | 127.50 |
| 2/8/2011 | WJH | Conference with SLG re potential reorganization options and resolution of critical pending matters | 0.30 | No Charge |
| 3/3/2011 | WJH | Telephone conference Zanker Landfill re potential compromise of claim and related bond issue | 0.30 | 127.50 |
| 3/7/2011 | WJH | Attention to strategy and planning re payment of professional fees from (un)encumbered pursuant to cash collateral order and monthly operating report(s) | 0.70 | 297.50 |
| 3/7/2011 | WJH | Conference with P. Brassill re same | 0.60 | 255.00 |
| 3/10/2011 | WJH | Conference with M. Dorsa and P. Brassill re costs to complete and pending receivable totals in various pre-petition bonded projects | 0.40 | 170.00 |
| 3/15/2011 | WJH | Conference with M. Dorsa and P. Brassill re union priority administrative claim for various pre-petition benefits | 0.60 | 255.00 |
| 4/4/2011 | WJH | Prepare status conference statement | 0.60 | 255.00 |
| 4/4/2011 | WJH | Conference with client re case status conference issues | 0.50 | 212.50 |
| 4/7/2011 | WJH | Attend Bankruptcy Court status conference hearing, including conference with attorney Lewis re cash collateral agreement and note discount | 1.50 | 637.50 |

| Date | TK | Description | Hours | Amount |
|------|-----|-------------|-------|--------|
| 4/7/2011 | WJH | Draft emails to/from client and P. Brassill re status conference hearing results, cash collateral issues and further equipment sales, and conference with same | 1.00 | 425.00 |
| 4/13/2011 | WJH | Draft emails to/from attorney Chang re status of Presidio Trust document production | 0.20 | 85.00 |
| 4/20/2011 | WJH | Conference with client, P. Brassill and SLG re monthly operating report(s), pending litigation issues, surety intransigence, and attention to strategy and planning re going forward actions | 2.00 | 850.00 |
| 4/22/2011 | WJH | Conference with client re potential resolution of surety District Court litigation | 0.30 | 127.50 |
| 5/18/2011 | WJH | Conference with M. Dorsa re surety tardy payment of outstanding bonded claims and debtor objections to same | 0.80 | 340.00 |
| 5/20/2011 | WJH | Conference with SLG re same | 0.20 | No Charge |
| 5/31/2011 | WJH | Conference with client re outstanding administrative claims | 0.70 | 297.50 |
| 6/14/2011 | WJH | Draft emails to/from UST Vargas re dishonored UST fee payment and recent Bankruptcy Court ruling related to DIP bank accounts | 0.30 | 127.50 |
| 6/24/2011 | WJH | Draft emails to/from client re paying UST fees | 0.1 | No Charge |
| 6/27/2011 | WJH | Conference with client and SLG re attention to strategy and planning re proposing new cash collateral arrangement and effect on on-going operations and potential reorganization options | 2.5 | 1,062.50 |
| 7/5/2011 | SLG | Review CGS timekeeper entries for billing discretion reductions or eliminations | 3.4 | 1,615.00 |
| 7/6/2011 | SLG | Further review CGS timekeeper entries for billing discretion reductions or eliminations | 3 | 1,425.00 |
| 7/8/2011 | WJH | Draft emails to/from UST Vargas re monthly operating report(s) and UST fees | 0.2 | 85 |
| 7/8/2011 | WJH | Telephone conference(s) with attorney Johnson re case status and Bankruptcy Court hearing results on surety motion to compel debtor rejection of bonded contracts | 0.5 | 212.5 |
| 7/18/2011 | WJH | Conference with client re outstanding payments and creditor litigation | 0.5 | 212.5 |
| 7/19/2011 | SLG | Conference with client and WJH re attention to strategy and planning re Bankruptcy Court hearing on new cash collateral stipulation and related case administration issues | 0.5 | 237.5 |
| 7/19/2011 | WJH | Conference with client and SLG re results of Bankruptcy Court hearing on Heritage cash collateral agreement, new responsible individual, Sweeney Mason litigation, and on-going operations matters | 0.6 | 255 |
| 7/19/2011 | WJH | Conference with M. Dorsa and K. Dorsa re new corporate responsible individual duties | 0.4 | 170 |

| | | | | |
|---|---|---|---|---|
| 7/19/2011 | WJH | Draft application to appoint new corporate responsible individual | 0.5 | 212.5 |
| 7/20/2011 | WJH | Telephone conference(s) with attorney Johnson re surety litigation status, Sweeney Mason litigation status and pending bankruptcy matters | 0.5 | 212.5 |
| 7/22/2011 | WJH | Conference with client re resolving bonded projects receivables through potential project owner interpleaders in Bankruptcy Court | 0.4 | 170 |
| 7/29/2011 | WJH | Draft emails to/from client and P. Brassill re paying UST fees and monthly operating report(s), and telephone conference(s) with same | 0.5 | 212.5 |
| 1/3/2011 | WJH | Draft emails to/from P. Brassill regarding monthly operating report(s) | 0.20 | 85.00 |

Totals

29.90    12812.50

Attorney Scott L. Goodsell          7.20
Attorney William J. Healy          22.70

General Cash Collateral Matters

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 1/4/2011 | SLG | Conference with P. Brassill and WJH re monthly operating report(s) and cash collateral issues | 0.60 | 285.00 |
| 1/5/2011 | WJH | Review cash collateral agreements regarding assets subject to collateral and payment of administrative expenses | 0.60 | 255.00 |
| 1/6/2011 | WJH | Conference with K. Dorsa, M. Dorsa and P. Brassill re compromising cash collateral and related equipment sale dispute and cash collateral payments going forward | 0.80 | 340.00 |
| 1/7/2011 | WJH | Conference with client and P. Brassill re cash collateral payments | 0.40 | 170.00 |
| 1/10/2011 | WJH | Conference with client and P. Brassill re cooperation with Heritage request to audit collateral disposition matters | 0.30 | 127.50 |
| 1/12/2011 | WJH | Draft emails to/from P. Brassill re cash collateral projections, and conference with same | 0.80 | 340.00 |
| 1/24/2011 | WJH | Review and analysis of draft debtor monthly operating report(s), and conference with P. Brassill re same | 0.40 | 170.00 |
| 1/26/2011 | WJH | Conference with M. Dorsa and SLG re Presidio Trust receivable and surety settlement meeting | 0.50 | 212.50 |
| 1/26/2011 | WJH | Conference with P. Brassill re monetary figures of bonded receivables for surety settlement meeting | 0.30 | 127.50 |
| 1/27/2011 | WJH | Conference with client and P. Brassill re cash collateral agreement | 0.50 | 212.50 |
| 2/1/2011 | WJH | Conference with P. Brassill re resolution of IRS matter and cash collateral reporting requirements | 0.60 | 255.00 |
| 2/1/2011 | WJH | Review and analysis of client financials re cash collateral and cash flow issues and related Presidio claim documents | 1.20 | 510.00 |
| 2/8/2011 | WJH | Conference with client and P. Brassill re Heritage application of cash collateral payments to line of credit and SBA loan | 0.60 | 255.00 |
| 2/11/2011 | WJH | Conference with P. Brassill regarding cash collateral payments and budgeting | 0.80 | 340.00 |
| 2/15/2011 | WJH | Conference with K. Dorsa, M. Dorsa and P. Brassill re cash collateral payments and budgeting | 0.60 | 255.00 |
| 2/16/2011 | WJH | Review cash collateral stipulations and order re debtor allowed payment to CGS, and conference with client and P. Brassill re same | 1.10 | 467.50 |
| 2/21/2011 | WJH | Review monthly operating report(s) | 0.40 | 170.00 |
| 2/24/2011 | WJH | Conference with P. Brassill re cash collateral issues, monthly operating report(s), and Heritage application of adequate protection payments against SBA debt | 0.70 | 297.50 |
| 3/1/2011 | WJH | Review cash collateral stipulation re paying professional fees | 0.30 | 127.50 |
| 3/2/2011 | WJH | Conference with client and P. Brassill re amended cash collateral agreement and loan balance issues | 1.20 | 510.00 |
| 3/9/2011 | WJH | Telephone conference with P. Brassill re cash flow issues and monthly operating report(s) | 0.50 | 212.50 |
| 3/15/2011 | WJH | Conference with attorney Lewis re potential resolution of cash collateral issues | 0.20 | 85.00 |
| 3/15/2011 | WJH | Conference with client, P. Brassill and SLG re Bankruptcy Court approval of CGS fee application and attention to strategy and planning re resolution of Heritage cash collateral issues | 1.70 | 722.50 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 3/18/2011 | WJH | Conference with P. Brassill re cash collateral issues | 0.60 | 255.00 |
| 3/24/2011 | WJH | Review current monthly operating report(s), and conference with client and P. Brassill re same and associated cash collateral issues | 0.60 | 255.00 |
| 3/24/2011 | WJH | Conference with M. Dorsa re restructuring of Heritage and SBA debt and associated cash collateral issues | 0.30 | 127.50 |
| 4/4/2011 | WJH | Conference with P. Brassill re resolution of cash collateral issues | 0.40 | 170.00 |
| 4/15/2011 | WJH | Draft emails to/from client re reducing Heritage adequate protection payments in light of $1M loan balance reductions, and telephone conference(s) with same | 0.50 | 212.50 |
| 4/15/2011 | WJH | Conference with P. Brassill re budget issues and related cash collateral approval issues | 0.30 | 127.50 |
| 4/19/2011 | WJH | Conference with P. Brassill re monthly operating report(s) and necessary cash collateral agreement modifications | 0.20 | 85.00 |
| 4/20/2011 | SLG | Conference with client, P. Brassill and WJH re monthly operating report(s), cash collateral issues, surety intransigence and continuing litigation plan, further equipment disposition, resolving SCVWD and Presidio Trust receivables, and attention to strategy and planning re further case disposition | 2.00 | 950.00 |
| 4/20/2011 | WJH | Conference with P. Brassill re monthly operating report(s), including review same | 0.50 | 212.50 |
| 4/28/2011 | WJH | Conference with P. Brassill re cash collateral status | 0.20 | 85.00 |
| 5/19/2011 | WJH | Conference with P. Brassill re monthly operating report(s) issues | 0.30 | 127.50 |
| 5/23/2011 | SLG | Review emails from client and Heritage Bank threatening termination of cash collateral rights and seizure of DIP accounts | 1.00 | 475.00 |
| 5/23/2011 | SLG | Conference with client re same | 1.50 | 712.50 |
| 5/23/2011 | WJH | Conference with P. Brassill re current monthly operating report(s) | 0.20 | 85.00 |
| 5/24/2011 | WJH | Review current monthly operating report(s) | 0.30 | 127.50 |
| 5/25/2011 | WJH | Conference with client and P. Brassill re administrative claims and negotiating new cash collateral agreement | 0.60 | 255.00 |
| 5/26/2011 | WJH | Draft emails to/from client and P. Brassill re UST fees payment, and telephone conference(s) with same | 0.30 | 127.50 |
| 5/26/2011 | WJH | Conference with M. Dorsa re immediate payment of UST fees | 0.30 | 127.50 |
| 6/16/2011 | WJH | Draft emails to/from client re monthly operating report(s), and conference with P. Brassill re same | 0.30 | 127.50 |
| 6/16/2011 | WJH | Draft emails to/from client re apparent Heritage non-compliance with order to unfreeze non-collateral DIP account, and conference with same | 0.30 | 127.50 |
| 6/20/2011 | SLG | Conference with P. Brassill and WJH re current monthly operating report(s) | 0.20 | No Charge |
| 6/20/2011 | WJH | Conference with P. Brassill and SLG re monthly operating report(s) | 0.20 | 85.00 |
| 6/22/2011 | General | Conference with client and WJH re attention to strategy and planning re proposing new cash collateral arrangement | 0.5 | 237.5 |
| 6/22/2011 | WJH | Conference with client and SLG re negotiating new cash collateral agreement with Heritage Bank | 0.5 | 212.5 |

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 6/24/2011 | WJH | Telephone conference(s) with attorney Lewis re potential new cash collateral agreement | 0.3 | 127.5 |
| 6/24/2011 | WJH | Conference with client re same | 0.2 | 85 |
| 6/24/2011 | WJH | Telephone conference(s) with attorney Johnson re potential new cash collateral agreement with Heritage Bank | 0.5 | 212.5 |
| 6/24/2011 | WJH | Review correspondence from H. Knox re proposed Heritage new cash collateral terms, and conference with client re same | 1 | 425 |
| 6/24/2011 | WJH | Conference with SLG re proposed Heritage new cash collateral terms | 0.2 | 85 |
| 7/8/2011 | SLG | Draft emails to/from client re making expenditures after Bankruptcy Court hearing on new cash collateral stipulation | 0.3 | 142.5 |
| 7/8/2011 | WJH | Conference with client re monthly operating report(s) status and DIP account | 0.3 | 127.5 |
| 7/8/2011 | WJH | Conference with SLG re final cash collateral stipulation terms | 0.3 | 127.5 |
| 7/8/2011 | WJH | Review further Heritage proposed revisions to cash collateral stipulation | 0.2 | 85 |
| 7/12/2011 | SLG | Draft emails to/from client re making expenditures after Bankruptcy Court hearing on new cash collateral stipulation and related case administration issues | 0.3 | 142.5 |
| 7/18/2011 | WJH | Draft emails to/from client re Heritage forbearance agreement and cash collateral agreement | 0.2 | 85 |
| 7/18/2011 | WJH | Draft revisions to Heritage forbearance agreement, and draft emails to/from attorney Lewis re same | 0.5 | 212.5 |
| 7/20/2011 | WJH | Draft motion to approve final stipulation for cash collateral use and ex parte application for expedited hearing on same | 2 | 850 |
| 7/20/2011 | WJH | Conference with client re same | 0.3 | 127.5 |
| 7/21/2011 | WJH | Draft emails to/from P. Brassill re approved Heritage cash collateral agreement and avoiding reporting requirements | 0.2 | 85 |
| 7/21/2011 | WJH | Draft emails to/from attorney Lewis re executed Heritage cash collateral and forbearance agreements | 0.2 | 85 |
| 7/21/2011 | WJH | Conference with client re readiness to make required Heritage cash collateral and forbearance payments | 0.4 | 170 |
| 7/21/2011 | WJH | Telephone conference(s) with Bankruptcy Court clerk re expedited hearing on cash collateral agreement | 0.2 | 85 |
| 7/21/2011 | WJH | Draft amended notice of Bankruptcy Court hearing on debtor motion to approve cash collateral stipulation | 0.2 | 85 |
| 7/21/2011 | WJH | Finalize motion to approve cash collateral stipulation, including attention to service issues for same | 1.5 | 637.5 |
| 7/22/2011 | WJH | Conference with client and SLG re Heritage cash collateral stipulation, creditor payment priorities, surety adversary proceeding, monthly operating report(s) and new DIP accounts | 0.5 | 212.5 |
| 7/22/2011 | WJH | Draft emails to/from client re UST-approved DIP banks | 0.1 | No Charge |
| 7/22/2011 | WJH | Draft emails to/from UST Vargas re payments status | 0.2 | 85 |
| 7/25/2011 | WJH | Draft amended Dorsa declaration regarding motion to approve cash collateral stipulation and forbearance agreement | 0.3 | 127.5 |
| 7/25/2011 | WJH | Conference with client re Heritage cash collateral stipulation and pending job contracts | 0.5 | 212.5 |

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 7/25/2011 | WJH | Conference with P. Brassill re pending job contracts revenue projections | 0.3 | 127.5 |
| 7/25/2011 | WJH | Conference with SLG re attention to strategy and planning re motion to approve Heritage cash collateral stipulation and forbearance agreement, and pending job contracts revenue projections | 0.2 | 85 |
| 7/26/2011 | WJH | Telephone conference(s) with IRS agent re IRS support for cash collateral stipulation and potential plan provisions for IRS payments | 0.2 | 85 |
| 7/26/2011 | WJH | Conference with client re same | 0.4 | 170 |
| 7/26/2011 | WJH | Conference with client re motion to approve Heritage cash collateral stipulation and priority payments | 0.5 | 212.5 |
| 7/27/2011 | WJH | Review and analysis of surety opposition to motion to approve Heritage cash collateral stipulation | 0.6 | 255 |
| 7/27/2011 | WJH | Telephone conference(s) with attorney Lewis re surety opposition to motion to approve Heritage cash collateral stipulation | 0.2 | 85 |
| 7/27/2011 | WJH | Conference with client re surety opposition to motion to approve Heritage cash collateral stipulation | 0.3 | 127.5 |
| 7/27/2011 | WJH | Prepare for Bankruptcy Court hearing on motion to approve Heritage cash collateral stipulation | 0.8 | 340 |
| 7/27/2011 | WJH | Attend Bankruptcy Court hearing on motion to approve Heritage cash collateral stipulation, including conference with client, H. Knox and attorney Lewis re cash collateral payments | 1.5 | 637.5 |
| 7/27/2011 | WJH | Conference with client and SLG re Bankruptcy Court hearing on motion to approve Heritage cash collateral stipulation | 0.3 | 127.5 |
| 7/28/2011 | WJH | Conference with client re cash collateral payments | 0.3 | 127.5 |
| 7/28/2011 | WJH | Conference with Attorney Goodsell regarding motion to compromise with Heritage and MORs | 0.2 | 85 |
| 7/29/2011 | WJH | Draft Bankruptcy Court order approving cash collateral stipulation provisions, including draft emails to/from all counsel for approval of same | 1.1 | 467.5 |
| 7/29/2011 | WJH | Draft emails to/from client re payment to Heritage, and conference with P. Brassill re same | 0.2 | 85 |
| | | Totals | 45.20 | 19392.50 |

Attorney Scott L. Goodsell      8.70

Attorney Scott L. Goodsell      0.20 (no charge)

Attorney William J. Healy      36.30

General Cash Collateral Matters

)

Cash Collateral Dispute and Litigation

| Date | Atty | Description | Hours |
|---|---|---|---|
| 3/10/2011 | WJH | Conduct legal research re potential impact on debtor accounts receivables from rejection of existing contracts | 2.10 |
| 3/10/2011 | WJH | Conference with SLG re potential impact on debtor receivables from rejection of existing contracts | 0.20 |
| 5/24/2011 | WJH | Conference with client re cash collateral deposit and project owner election to pay subcontractors and unions directly | 0.70 |
| 6/2/2011 | SLG | Conference with WJH re attention to strategy and planning re response to Heritage Bank termination of cash collateral agreement and seizure of DIP accounts (including non-collateral account) | 1.00 |
| 6/2/2011 | SLG | Conference with client and WJH re attention to strategy and planning re response to Heritage Bank termination of cash collateral agreement and seizure of DIP accounts | 1.60 |
| 6/2/2011 | WJH | Draft emails to/from attorney Lewis re unilateral Heritage termination of cash collateral agreement and freezing of all DIP accounts | 0.20 |
| 6/2/2011 | WJH | Conference with SLG re unilateral Heritage termination of cash collateral agreement and freezing of all DIP accounts | 1.00 |
| 6/2/2011 | WJH | Conference with client and SLG re response to Heritage termination of cash collateral agreement and freezing of all DIP accounts (including non-collateral account) | 1.60 |
| 6/2/2011 | WJH | Telephone message to and draft email to attorney Lewis re Heritage termination of cash collateral agreement and freezing of DIP accounts (including non-collateral account) (attorney Lewis notice of unavailability previously filed) | 0.30 |
| 6/2/2011 | WJH | Review email from attorney Lewis re Heritage termination of any direct contacts from debtor | 0.20 |
| 6/2/2011 | WJH | Draft emails to/from client re immediate negative consequences of Heritage freezing all DIP accounts and bouncing outstanding checks | 0.30 |
| 6/3/2011 | SLG | Conference with client and WJH re attention to strategy and planning re response to Heritage Bank termination of cash collateral agreement and seizure of all DIP accounts (including non-collateral account) | 0.60 |
| 6/3/2011 | WJH | Draft emails to/from client re debtor damages sustained from Heritage freezing al DIP accounts, including inability to perform SCVWD contract, Bothman contract and Mtn View High School contract, and conference with same | 1.20 |
| 6/3/2011 | WJH | Draft emails to/from attorney Lewis re Heritage demand for further payments as potential compromise solution, and draft emails to/from client re same | 0.50 |
| 6/3/2011 | WJH | Conference with client and SLG re attention to strategy and planning re debtor response to Heritage freezing all DIP accounts and interrupted pending work schedules | 0.60 |
| 6/3/2011 | WJH | Review and analysis of client spreadsheet for bounced outstanding checks and interrupted pending projects resulting from Heritage freezing all DIP accounts | 0.40 |
| 6/3/2011 | WJH | Draft emails to/from attorney Lewis and H. Knox requesting Heritage honor issued outstanding checks | 0.80 |
| 6/3/2011 | WJH | Draft emails to/from client re resultant termination of pending work projects | 0.20 |
| 6/3/2011 | WJH | Draft emails to/from client re drafting expedited debtor motion to compel payment of outstanding issued checks and release of non-collateral DIP account funds | 0.20 |
| 6/3/2011 | WJH | Telephone conference(s) with attorney Lewis re attempted potential compromise alternatives in lieu of Bankruptcy Court motion to compel release of DIP funds | 0.30 |

| | | |
|---|---|---:|
| 6/5/2011 WJH | Conference with M. Dorsa re Bankruptcy Court hearing on debtor emergency motion to compel payment of outstanding checks and to release DIP non-collateral account funds | 0.50 |
| 6/5/2011 WJH | Review and analysis of pre-existing cash collateral agreements, Bankruptcy Court order and sale motion related documents to confirm no Heritage interest in non-collateral DIP account funds | 1.80 |
| 6/6/2011 SLG | Conference with client and WJH re attention to strategy and planning re response to Heritage Bank termination of cash collateral agreement and seizure of DIP accounts | 1.00 |
| 6/6/2011 WJH | Draft debtor ex parte application for expedited Bankruptcy Court hearing on motion to compel payment of outstanding issued checks and to release non-collateral DIP account funds wrongly seized by Heritage | 3.50 |
| 6/6/2011 WJH | Draft emails to/from client re bounced checks, employee wages unpaid and customer complaints, and potential irreparable harm to debtor continuing operations, and conference with client and SLG re same | 1.80 |
| 6/6/2011 WJH | Draft emails to/from client and P. Brassill re continued Bankruptcy Court hearing dates on surety motions to compel debtor rejection of various contracts | 0.20 |
| 6/7/2011 Cash C | Conference with client and WJH re attention to strategy and planning re response to Heritage Bank termination of cash collateral agreement and seizure of DIP accounts | 1.20 |
| 6/7/2011 WJH | Draft emails to/from client re apparent Heritage selective honoring of outstanding checks (excluding Dorsas) | 0.20 |
| 6/7/2011 WJH | Conference with client re additional information needed for debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 0.30 |
| 6/7/2011 WJH | Telephone conference with attorney Lewis re debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 0.30 |
| 6/7/2011 WJH | Conference with client, P. Brassill and SLG re resolving debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 1.20 |
| 6/7/2011 WJH | Review Heritage opposition to debtor motion to release non-collateral DIP account funds | 0.30 |
| 6/7/2011 WJH | Draft emails to/from attorney Lewis re debtor expedited motion to release non-collateral DIP account funds | 0.20 |
| 6/8/2011 WJH | Draft emails to/from client re income/cost breakdown for interrupted pending projects impacted by Heritage freezing DIP accounts | 0.40 |
| 6/8/2011 WJH | Finalize debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 1.50 |
| 6/8/2011 WJH | Conduct legal research re Heritage asserted "cash collateral conversion" argument in response to debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 2.10 |
| 6/9/2011 WJH | Telephone conference(s) with Bankruptcy Court clerk re scheduled hearing date for debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 0.20 |
| 6/9/2011 WJH | Telephone conference(s) with client and attorney Lewis re same, and draft emails to/from same | 0.20 |
| 6/9/2011 WJH | Draft notice of Bankruptcy Court hearing on debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 0.40 |

| | | |
|---|---|---|
| 6/10/2011 WJH | Draft emails to/from client re dishonored outstanding checks status, and conference with same | 0.50 |
| 6/11/2011 WJH | Draft emails to/from client re notice of default on pending Bothman project, and conference with same | 1.00 |
| 6/11/2011 WJH | Conference with M. Dorsa re stay damage issues | 0.50 |
| 6/12/2011 WJH | Review Heritage opposition to debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds, and draft emails to/from client re same | 1.20 |
| 6/13/2011 SLG | Conference with client and WJH re attention to strategy and planning re results of Bankruptcy Court hearing on Heritage termination of cash collateral agreement and seizure of all DIP accounts, including evaluation of debtor damage claims from same, and resolving issues to maintain debtor on-going operations | 1.40 |
| 6/13/2011 WJH | Attend Bankruptcy Court hearing on debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds | 1.50 |
| 6/13/2011 WJH | Conference with client, P. Brassill and SLG re attention to strategy and planning re response to Bankruptcy Court ruling on debtor expedited motion to compel payment of outstanding checks and to release non-collateral DIP account funds, and resolving going-forward expenditures for pending projects, and evaluating damages from Heritage wrongly seizing non-collateral DIP account funds | 1.40 |
| 6/14/2011 WJH | Draft emails to/from client re employee substituted wage payments and Heritage delay in unfreezing non-collateral DIP account, and draft emails to/from attorney Lewis re same, and telephone conference(s) with same | 0.60 |
| 6/14/2011 WJH | Conference with client re evaluating debtor damages resulting from Heritage freezing DIP accounts | 1.50 |
| 6/14/2011 WJH | Prepare draft order on debtor expedited motion, and draft emails to/from attorney Lewis re same and revisions to draft order, and telephone conference(s) with same | 0.90 |
| 6/17/2011 WJH | Conduct legal research re potential stay violation sanctions for Heritage seizure of non-collateral funds | 1.5 |
| 7/29/2011 WJH | Draft emails to/from UST Dumas re paying UST fees | 0.2 |

|  | | |
|---|---|---|
| | Totals | 43.50 |
| | Attorney Scott L. Goodsell | 6.80 |
| | Attorney William J. Healy | 36.70 |

892.50  Cash Collateral Dispute and Litigation

85.00

297.50

475.00

760.00

85.00

425.00

680.00

127.50

85.00

127.50

285.00

510.00

212.50

255.00

170.00

340.00

85.00

85.00

127.50

212.50

765.00

475.00

1487.50

765.00

85.00

570.00

85.00

127.50

127.50

510.00

127.50

85.00

170.00

637.50

892.50

85.00

85.00

170.00

212.50

425.00
212.50

510.00

665.00

637.50

595.00

255.00

637.50

382.50

637.5

85

18827.50

| | | | | |
|---|---|---|---|---|
| | | Cash Collateral Compromise and Forbearance | | |
| 2/10/2011 | WJH | Conference with client re resolving pending matters with Heritage and surety | 1.00 | 425.00 |
| 3/1/2011 | WJH | Conference with P. Brassill re debtor cash collateral payments and potential compromise with Heritage re same | 0.60 | 255.00 |
| 3/25/2011 | WJH | Conference with P. Brassill re potential cash collateral agreement with Heritage and potential interpleader actions by project owners | 0.30 | 127.50 |
| 3/28/2011 | WJH | Conference with client re potential loan compromise with Heritage and SBA modification | 0.40 | 170.00 |
| 4/21/2011 | WJH | Conference with client re potential Heritage debt compromise and potential surety debt compromise | 0.50 | 212.50 |
| 4/22/2011 | SLG | Conference with WJH re attention to strategy and planning re potential Heritage debt compromise and directions for resolving surety claims | 0.50 | 237.50 |
| 4/22/2011 | WJH | Conference with SLG re outline for potential Heritage debt compromise and potential surety debt claim resolution | 0.50 | No Charge |
| 4/28/2011 | WJH | Conference with client re continuing cash collateral payments and potential Heritage debt compromise agreement | 0.50 | 212.50 |
| 5/13/2011 | WJH | Conference with client re potential Heritage debt compromise with revised adequate protection payment terms | 0.40 | 170.00 |
| 5/18/2011 | WJH | Review debtor financial agreements with Heritage and SBA as per filed proof of claim(s) to evaluate collateral priorities issues, and calculate relative reduced monthly adequate protection payments under cash collateral arrangement | 1.00 | 425.00 |
| 5/18/2011 | WJH | Conference with client and P. Brassill re on-going debtor direct negotiations with Heritage for modified cash collateral payment terms | 0.30 | 127.50 |
| 5/23/2011 | WJH | Conference with client and P. Brassill re on-going debtor direct negotiations with Heritage to resolve debt payoff and continuing cash collateral issues, and draft emails to/from same | 1.00 | 425.00 |
| 5/23/2011 | WJH | Conference with SLG re same | 0.30 | No Charge |
| 6/17/2011 | SLG | Conference with client and WJH re attention to strategy and planning re new replacement Heritage cash collateral agreement and potential global compromise on Heritage and SBA debts | 1.00 | 475.00 |
| 6/17/2011 | WJH | Telephone conference with M. Dorsa and attorney Lewis re outline for Heritage debt global compromise | 0.30 | 127.50 |
| 6/17/2011 | WJH | Conference with M. Dorsa and SLG re attention to strategy and planning re Heritage debt global compromise proposal | 1.00 | 425.00 |
| 6/17/2011 | WJH | Draft emails to/from client re recommended potential global compromise with Heritage | 0.20 | 85.00 |
| 6/20/2011 | SLG | Draft emails to/from client re settlement offer on Heritage Bank obligations and new cash collateral agreement, including revise draft proposal and conference with client re same | 1.80 | 855.00 |
| 6/20/2011 | WJH | Review draft debtor global settlement proposal on Heritage and SBA debts, and draft emails to/from client re same | 0.40 | 170.00 |
| 6/20/2011 | WJH | Conference with M. Dorsa re potential sale of unencumbered vehicles, global settlement offer on Heritage and SBA debts, and potential recovery on pending contracts receivables | 0.50 | 212.50 |
| 6/24/2011 | SLG | Draft emails to/from client and WJH re response to Heritage/SBA debt global settlement proposal | 0.60 | 285.00 |
| 6/24/2011 | WJH | Review and analysis of client document production for SBA lien scope and related subordination agreement for potential final Heritage global cash collateral agreement resolution | 0.3 | 127.5 |

| | | | | |
|---|---|---|---|---|
| 6/24/2011 | WJH | Draft emails to/from P. Brassill re projected payments under proposed Heritage new cash collateral agreement, and telephone conference(s) with same | 0.7 | 297.5 |
| 6/27/2011 | WJH | Draft emails to/from client and attorney Lewis confirming debtor acceptance of proposed Heritage new cash collateral terms | 0.3 | 127.5 |
| 6/27/2011 | WJH | Draft ex parte motion for expedited Bankruptcy Court hearing on debtor motion to approve stipulation for cash collateral use | 0.8 | 340 |
| 6/27/2011 | WJH | Draft stipulation for cash collateral use (final stipulation) | 0.5 | 212.5 |
| 6/28/2011 | WJH | Telephone conference(s) with attorney Lewis re drafting underlying documents for new Heritage cash collateral agreement | 0.2 | 85 |
| 6/29/2011 | WJH | Draft emails to/from attorney Lewis re drafting Heritage forbearance agreement, and telephone conference(s) with same | 0.2 | 85 |
| 6/29/2011 | WJH | Review and analysis of draft proposed Heritage forbearance agreement and SBA loan amendment | 1.8 | 765 |
| 6/30/2011 | SLG | Review draft Heritage Bank new cash collateral and settlement proposal documents, and conference with WJH and client re same | 1.00 | 475.00 |
| 6/30/2011 | WJH | Draft emails to/from client re same | 0.2 | 85 |
| 6/30/2011 | WJH | Conference with client re draft Heritage forbearance agreement and SBA loan amendment provisions | 0.5 | 212.5 |
| 6/30/2011 | WJH | Draft revisions to proposed Heritage forbearance agreement, including review original loan document provisions for same | 1.2 | 510 |
| 6/30/2011 | WJH | Telephone conference(s) with K. Dorsa referring him to personal counsel on advice on draft Heritage forbearance agreement | 0.1 | 42.5 |
| 7/1/2011 | WJH | Draft further revisions to proposed Heritage new cash collateral stipulation and proposed forbearance agreement, and draft emails to/from client and attorney Lewis re same | 0.8 | 340 |
| 7/1/2011 | WJH | Conference with SLG re revisions to cash collateral stipulation and proposed forbearance agreement | 0.2 | 85 |
| 7/5/2011 | WJH | Draft emails to/from attorney Lewis re revisions to cash collateral and forbearance agreements, including review revised documents | 0.4 | 170 |
| 7/5/2011 | WJH | Conference with client re Heritage proposed revisions to forbearance agreement | 0.6 | 255 |
| 7/6/2011 | WJH | Draft emails to/from client re Heritage cash collateral and forbearance terms | 0.3 | 127.5 |
| 7/6/2011 | WJH | Telephone conference(s) with attorney Lewis re finalizing Heritage cash collateral agreement and amortization tables to confirm payment, and draft emails to/from same | 0.3 | 127.5 |
| 7/6/2011 | WJH | Conference with client re finalizing Heritage cash collateral agreement and amortization tables | 0.2 | 85 |
| 7/8/2011 | WJH | Review Heritage amortization tables to confirm payment figures and loan balances | 0.3 | 127.5 |
| 7/20/2011 | WJH | Draft emails to/from attorney Lewis re finalized Heritage cash collateral stipulation and forbearance agreement | 0.2 | 85 |

|  |  |
|---|---|
| Totals | 24.20 10190.00 |

| | |
|---|---|
| Attorney Scott L. Goodsell | 4.90 |
| Attorney William J. Healy | 19.30 |

Cash Collateral Compromise and Forbearance

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| | | Management of Pre-Petition Projects | | |
| 12/28/2010 | SLG | Draft emails to/from client re CalTrans punch list for Coyote Point project | 0.80 | 380.00 |
| 12/29/2010 | SLG | Conference with client re attention to strategy and planning re response to CalTrans punch list for Coyote Point project, completing Jacques Gulch project, and recompense from surety for debtor monies spent for same | 2.40 | 1140.00 |
| 12/30/2010 | SLG | Further conference with client re attention to strategy and planning re response to CalTrans punch list for Coyote Point project, completing Jacques Gulch project, recompense from surety for debtor monies spent, and potential surety settlement issues | 2.00 | 950.00 |
| 12/31/2010 | SLG | Draft emails to/from client re attention to strategy and planning re recompense from surety for debtor monies spent for completing bonded projects | 0.40 | 190.00 |
| 1/5/2011 | WJH | Conduct legal research on practical consequences of assumption or rejection of CalTrans contract | 1.40 | 595.00 |
| 1/18/2011 | WJH | Conference with client re Presidio Trust receivable and retaining related professional | 0.50 | 212.50 |
| 1/31/2011 | WJH | Conference with K. Dorsa, M. Dorsa and P. Brassill re surety settlement meeting results and completing some pending bonded projects | 0.50 | 212.50 |
| 2/2/2011 | WJH | Review client document production re CalTrans project including projected payments and costs to complete | 0.90 | 382.50 |
| 2/3/2011 | WJH | Review cost of completion documentation from HSR regarding various projects, and conference with client re same | 1.00 | 425.00 |
| 2/3/2011 | WJH | Finalize client cost-of-completion documentation for delivery to surety | 0.40 | 170.00 |
| 2/16/2011 | WJH | Conference with M. Dorsa re valuation and resolution of Presidio Trust payment and insurance matters | 0.60 | 255.00 |
| 2/23/2011 | SLG | Conference with client and telephone conference(s) with attorney Johnson re Dorsas rejecting surety settlement proposal and next steps, and draft emails to/from same | 1.00 | 475.00 |
| 2/24/2011 | SLG | Conference with client and telephone conference(s) with attorney Johnson re Dorsas providing personal financial statements responsive to surety settlement proposal, and draft emails to/from re same | 2.30 | 1092.50 |
| 2/24/2011 | WJH | Conference with client re Hwy 17 Project and related income and cost of repair issues | 0.50 | 212.50 |
| 3/1/2011 | WJH | Conference with client re Presidio Trust proof of claim and required documents for collection of debtor claim against Presidio | 1.20 | 510.00 |
| 3/3/2011 | WJH | Conference with M. Dorsa re recovering Presidio Trust receivable | 0.90 | 382.50 |
| 5/2/2011 | WJH | Conference with client and P. Brassill re Jacques Gulch and Coyote Point projects status | 0.50 | 212.50 |
| 5/5/2011 | WJH | Conference with client re surety demand to reject contracts on various projects | 0.30 | 127.50 |
| 2/28/2011 | WJH | Conference with client and P. Brassill re cost estimates for Caltrans Hwy 17 contract and associated claims | 0.30 | 127.50 |
| | | Totals | 17.90 | 8052.50 |
| | | Attorney Scott L. Goodsell | 8.90 | |
| | | Attorney William J. Healy | 9.00 | |

Management of Pre-Petition Projects

| Date | Atty | Description | Hours | Amount | |
|---|---|---|---|---|---|
| | | Post Petition Compromise of Bonded Project Issues | | | |
| 1/7/2011 | SLG | Draft emails to/from attorneys Long, Diwik and Johnson re scheduling settlement meeting on surety obligations and completing bonded projects and telephone conference(s) with client re same | 0.60 | 285.00 | Post Petitic |
| 1/7/2011 | SLG | Telephone conference(s) with client and S. Forget re attention to strategy and planning re Presidio claim issues | 1.00 | 475.00 | |
| 1/7/2011 | SLG | Review and analysis of S. Forget correspondence and memos re Presidio claim status | 1.40 | 665.00 | |
| 1/7/2011 | SLG | Conference with client re attention to strategy and planning re Presidio claim status | 1.20 | 570.00 | |
| 1/7/2011 | WJH | Draft emails to/from client re Presidio Trust project claim | 0.50 | 212.50 | |
| 1/10/2011 | SLG | Draft emails to/from client and S. Forget re Presidio claim status | 0.40 | 190.00 | |
| 1/10/2011 | SLG | Draft emails to/from attorneys Long, Diwik and Johnson re Presidio claim status, and telephone conference(s) with client re same | 0.50 | 237.50 | |
| 1/10/2011 | WJH | Review and analysis of client document production on Presidio Trust receivable to prepare for conference with client and S. Forget re same | 0.80 | 340.00 | |
| 1/11/2011 | SLG | Conference with K. Dorsa, M. Dorsa, S. Forget and WJH re attention to strategy and planning re resolving Presidio Trust receivable claim | 1.00 | 475.00 | |
| 1/11/2011 | WJH | Conference with K. Dorsa, M. Dorsa, S. Forget and SLG re Presidio Trust claim status | 0.70 | 297.50 | |
| 1/11/2011 | WJH | Conference with M. Dorsa and SLG re resolving Presidio Trust claim with First National and Heritage Bank competing claims | 0.30 | 127.50 | |
| 1/12/2011 | SLG | Conference with client re S. Forget continuing role in Presidio claim resolution | 0.80 | 380.00 | |
| 1/13/2011 | SLG | Draft emails to/from attorneys Long, Diwik and Johnson re scheduling settlement meeting and draft emails to/from client re same | 0.40 | 190.00 | |
| 1/13/2011 | WJH | Conference with client re valuing Presidio Trust receivable claim and other bonded projects for scheduled settlement meeting | 1.20 | 510.00 | |
| 1/13/2011 | WJH | Conference with M. Dorsa re cost-to-complete for various surety bonded projects in anticipation of scheduled settlement meeting | 0.60 | 255.00 | |
| 1/25/2011 | SLG | Conference with client re background data for surety settlement conference | 2.00 | 950.00 | |
| 1/25/2011 | WJH | Conduct legal research re sec 541 property of debtor estate and automatic stay violation issues to prepare for surety settlement meeting | 2.20 | 935.00 | |
| 1/26/2011 | SLG | Further conference with client re background data for settlement conference with surety | 2.80 | 1330.00 | |
| 1/26/2011 | WJH | Conference with SLG re background information for surety settlement conference | 0.40 | 170.00 | |
| 1/26/2011 | WJH | Draft legal memorandum re estate property and potential damage claims against surety for surety settlement meeting | 0.80 | 340.00 | |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 1/27/2011 | SLG | Prepare for and conduct settlement conference with debtor and surety representatives (including client and attorneys Pikulin, Diwik, Barthold and Long) | 6.40 | 3040.00 |
| 1/31/2011 | WJH | Conference with SLG re attention to strategy and planning re potential surety settlement terms | 0.30 | No Charge |
| 2/5/2011 | SLG | Review correspondence from attorney Long re surety settlement proposal | 0.50 | 237.50 |
| 2/5/2011 | SLG | Draft emails to/from client re surety settlement proposal | 0.80 | 380.00 |
| 2/7/2011 | WJH | Conference with SLG re surety settlement proposal | 0.30 | No Charge |
| 2/7/2011 | WJH | Conference with client re response to surety settlement proposal | 0.60 | 255.00 |
| 2/8/2011 | SLG | Draft emails to/from client re attention to strategy and planning re response to surety settlement proposal, and conference with client re same | 1.00 | 475.00 |
| 2/8/2011 | SLG | Telephone conference(s) with attorney Johnson re attention to strategy and planning re response to surety settlement proposal | 0.50 | 237.50 |
| 2/14/2011 | SLG | Conference with client re attorney Johnson telephone conference(s) with attorney Long re response to surety settlement proposal, and draft emails to/from re same | 1.00 | 475.00 |
| 2/16/2011 | SLG | Review attorney Johnson letter to attorney Long re Dorsas rejecting surety settlement proposal | 0.30 | 142.50 |
| 2/25/2011 | SLG | Draft emails to/from client and attorney Johnson re response to surety counter-offer on settlement proposal and Dorsas personal financial statements | 0.50 | 237.50 |
| 2/26/2011 | SLG | Draft emails to/from client and attorney Johnson re response to surety counter-offer on settlement proposal | 0.50 | 237.50 |
| 2/28/2011 | GJC | Draft emails to/from client re global settlement status | 0.60 | 270.00 |
| 2/28/2011 | SLG | Draft emails to/from client and attorney Johnson re response to surety counter-offer on settlement proposal | 0.60 | 285.00 |
| 3/18/2011 | SLG | Draft emails to/from client re settling Presidio claim and conference with same | 0.80 | 380.00 |
| 4/4/2011 | GJC | Review and analysis of correspondence from opposing counsel regarding settlement | 0.4 | 180 |
| 4/4/2011 | GJC | Email conversation with client regarding response to settlement proposal | 0.6 | 270 |
| 5/20/2011 | WJH | Conference with K. Dorsa, M. Dorsa, P. Brassill and attorney Johnson re surety bankruptcy adversary proceeding and surety district court litigation status, related District Court settlement conference status, potential surety global settlement possibilities, potential Heritage debt compromise issues, and debtor opposition to surety efforts to compel debtor rejection of various pending contracts | 2.00 | 850.00 |

|  | Totals | 37.30 | 16887.50 |
|---|---|---|---|
| Attorney Scott L. Goodsell | 25.00 | | |
| Attorney Gregory J. Charles | 1.60 | | |
| Attorney William J. Healy | 10.10 | | |
| Attorney William J. Healy | 0.60 (no charge) | | |

n Compromise of Bonded Project Issues

Creditor Efforts To Compel Contract Rejection

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 2/24/2011 | WJH | Conference with SLG re surety demand for rejection of Hwy 17 Project contract | 0.20 | 85.00 |
| 2/24/2011 | WJH | Further conduct legal research re non-party right to move for assumption or rejection of contract under secs 365 and 105 | 2.10 | 892.50 |
| 2/25/2011 | SLG | Draft emails to/from attorney Long re surety demand that debtor file motion to reject CalTrans project contract, and conference with client re same | 1.30 | 617.50 |
| 2/25/2011 | WJH | Conference with client re Hwy 17 Project and surety request for formal rejection of same | 0.30 | 127.50 |
| 2/28/2011 | SLG | Draft emails to/from attorney Long re surety demand that debtor file motion to reject CalTrans project contract | 0.30 | 142.50 |
| 2/28/2011 | SLG | Draft emails to/from client and attorney Long to confirm that debtor "does not dispute CalTrans termination" and surety responsibility to perform | 0.50 | 237.50 |
| 2/28/2011 | SLG | Conference with WJH re attention to strategy and planning re response to surety demand for debtor formal rejection of CalTrans contract | 0.50 | 237.50 |
| 2/28/2011 | WJH | Review correspondence from attorney Long re surety demand for debtor rejection of Caltrans Hwy 17 contract and related settlement issues | 0.70 | 297.50 |
| 2/28/2011 | WJH | Conference with SLG re surety demand for rejection of Caltrans Hwy 17 contract | 0.50 | 212.50 |
| 3/11/2011 | SLG | Draft emails to/from client and attorney Long re surety demand that debtor stipulate to reject CalTrans project and release contract funds to surety | 0.80 | 380.00 |
| 3/11/2011 | SLG | Conference with client re attention to strategy re response to surety demand that debtor stipulate to reject CalTrans project and release contract funds to surety | 0.50 | 237.50 |
| 3/11/2011 | WJH | Conference with SLG re debtor potential rejection of Hwy 17 Project and impact on associated receivable | 0.30 | 127.50 |
| 3/11/2011 | WJH | Conference with client re debtor potential rejection of Hwy 17 Project and impact on associated receivable | 0.20 | 85.00 |
| 5/6/2011 | SLG | Conference with WJH re preliminary response to surety motion to compel debtor to reject CalTrans Hwy 17 project contract | 0.20 | No Charge |
| 5/6/2011 | WJH | Review and analysis of surety motion to compel debtor to assume or reject CalTrans Hwy 17 project contract | 1.00 | 425.00 |
| 5/6/2011 | WJH | Conduct legal research re debtor response to surety motion to compel debtor to assume or reject CalTrans Hwy 17 project, evaluating inadequate notice and surety non-party standing issues | 3.70 | 1572.50 |
| 5/6/2011 | WJH | Draft outline for debtor opposition to surety motion to compel debtor to assume or reject CalTrans Hwy 17 project contract | 1.20 | 510.00 |
| 5/6/2011 | WJH | Conference with SLG re surety motion to compel debtor to assume or reject CalTrans Hwy 17 project contract | 0.20 | 85.00 |
| 5/6/2011 | WJH | Conference with client re surety motion to compel debtor to assume or reject CalTrans Hwy 17 project contract | 0.30 | 127.50 |
| 5/9/2011 | SLG | Conference with WJH re surety motion to compel debtor rejection of CalTrans Hwy 17 project contract, and review prior SLG emails with attorney Long re same | 0.20 | 95.00 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 5/9/2011 | WJH | Conference with SLG re surety motion to compel debtor rejection of CalTrans Hwy 17 project contract, including review prior emails between attorney Long and SLG re same | 0.20 | 85.00 |
| 5/19/2011 | WJH | Conduct legal research re debtor response to surety motion to compel debtor rejection of CalTrans Hwy 17 project contract and anticipated surety motions to compel debtor rejection of Jacques Gulch and Coyote Point projects, including surety rights to compel any such rejection in bankruptcy cases | 4.20 | 1785.00 |
| 5/19/2011 | WJH | Telephone conference with client re same | 0.30 | 127.50 |
| 5/23/2011 | SLG | Conference with WJH re attention to strategy and planning re for response to surety motions to require debtor to reject CalTrans and Jacques Gulch project contracts | 0.80 | 380.00 |
| 5/23/2011 | WJH | Review and analysis of surety motion to compel debtor rejection of Coyote Point and Jacques Gulch contracts | 1.80 | 765.00 |
| 5/23/2011 | WJH | Draft emails to/from client re surety motion to compel debtor rejection of Coyote Point and Jacques Gulch contracts | 0.40 | 170.00 |
| 5/23/2011 | WJH | Conference with M. Dorsa for background information for debtor opposition to surety motion to compel debtor rejection of Coyote Point and Jacques Gulch contracts | 0.60 | 255.00 |
| 5/23/2011 | WJH | Conference with SLG re attention to strategy and planning re debtor opposition to surety motion to compel debtor rejection of Coyote Point and Jacques Gulch contracts | 0.80 | 340.00 |
| 5/25/2011 | WJH | Conference with client re debtor opposition to surety motions to compel debtor rejection of various contracts | 0.70 | 297.50 |
| 5/26/2011 | WJH | Continue drafting debtor opposition to surety motion to compel debtor rejection of Caltrans Hwy 17 project contract, including review client further document production for same | 2.50 | 1062.50 |
| 5/26/2011 | WJH | Conference(s) with M. Dorsa and with K. Dorsa re debtor opposition to surety motion to compel debtor rejection of Caltrans Hwy 17 project contract | 1.00 | 425.00 |
| 5/26/2011 | WJH | Conference with SLG re same | 0.20 | 85.00 |
| 5/26/2011 | WJH | Further conduct legal research re surety standing to force debtor to reject contracts | 0.70 | 297.50 |
| 5/26/2011 | WJH | Review and analysis of debtor background information on Jacques Gulch and Coyote Point projects for debtor opposition to surety motion to compel debtor rejection of those contracts | 1.50 | 637.50 |
| 5/27/2011 | WJH | Continue drafting debtor opposition to surety motion to compel rejection of Coyote Point and Jacques Gulch projects, including review and analysis of further client document production for same | 3.80 | 1615.00 |
| 5/27/2011 | WJH | Conference(s) with client re debtor opposition to surety motion to compel debtor rejection of Coyote Point and Jacques Gulch projects | 1.10 | 467.50 |
| 5/31/2011 | WJH | Draft emails to/from client re surety motions to compel debtor rejection of various contracts, and conference with same | 0.40 | 170.00 |
| 5/31/2011 | WJH | Review further client document production on required costs analysis for various projects responding to surety motion to compel debtor rejection of various contracts | 0.70 | 297.50 |
| 6/1/2011 | WJH | Review and analysis of debtor calculation spreadsheet of surety payments made to date, and draft enhanced worksheet for debtor response to surety motion to compel debtor rejection of various contracts | 1.30 | 552.50 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 6/2/2011 | WJH | Review surety notice of "corrected" Bankruptcy Court hearing dates on surety motion to compel debtor rejection of Caltrans Hwy 17 project, Coyote Point and Jacques Gulch contracts, and draft emails to/from client re same | 0.20 | 85.00 |
| 6/5/2011 | WJH | Review surety first amended notice of hearing on surety motions to compel debtor rejection of contracts, and draft emails to/from client re same | 0.30 | 127.50 |
| 6/15/2011 | WJH | Review correspondence from attorney Long re surety proposed costs to complete CalTrans Hwy 17 project | 0.30 | 127.50 |
| 6/15/2011 | WJH | Conference with M. Dorsa re surety correspondence re surety proposed costs to complete CalTrans Hwy 17 project | 0.20 | 85.00 |
| 7/1/2011 | WJH | Review surety reply brief on motion(s) to compel debtor to rejection pending bonded contract(s) | 0.8 | 340 |
| 7/1/2011 | WJH | Conference with client re same | 0.3 | 127.5 |
| 7/5/2011 | WJH | Further review and analysis of surety reply briefs on surety motion to compel debtor to reject bonded contracts | 0.6 | 255 |
| 7/5/2011 | WJH | Draft supplemental client declaration supporting debtor opposition to surety motion to compel debtor rejection of bonded contracts, and conference with client re same | 0.6 | 255 |
| 7/6/2011 | WJH | Prepare for Bankruptcy Court hearing on surety motions to compel debtor rejection of bonded contracts, including conference with client re same | 1.8 | 765 |
| 7/7/2011 | SLG | Conference with client and WJH re results of Bankruptcy Court hearing on surety motion to compel debtor to rejection bonded contracts, and attention to strategy and planning re same | 0.6 | 285 |
| 7/7/2011 | WJH | Attend Bankruptcy Court hearing on surety motion to compel debtor rejection of bonded contracts | 1.5 | 637.5 |
| 7/8/2011 | SLG | Draft emails to/from client re results of Bankruptcy Court hearing on surety motion to compel debtor to rejection bonded contracts, and attention to strategy and planning re same | 0.4 | 190 |
| | | Totals | 45.60 | 19590.00 |

| | | |
|---|---|---|
| Attorney Scott L. Goodsell | 4.50 | |
| Attorney Scott L. Goodsell | 0.20 | (no charge |
| Attorney William J. Healy | 40.90 | |

Creditor Efforts To Compel Contract Rejection

:)

General Post Petition Operations

| Date | Atty | Description | Hours |
|---|---|---|---|
| 1/4/2011 | WJH | Draft emails to/from client re SCVWD payment issues | 0.20 |
| 1/4/2011 | WJH | Conference with client re SCVWD payment issues | 0.50 |
| 1/12/2011 | GJC | Draft letter to opposing counsel re apparent SCVWD contract breach | 2.90 |
| 1/19/2011 | SLG | Draft emails to/from client and conference with client re concerns about Union job claims | 0.50 |
| 1/20/2011 | SLG | Draft emails to/from client re SCVWD claim issues | 0.30 |
| 2/4/2011 | WJH | Conference with client and P. Brassill re outstanding SCVWD payment | 0.60 |
| 2/7/2011 | GJC | Draft demand letter to SCVWD for contract funds owed | 0.90 |
| 2/7/2011 | GJC | Draft emails to/from client re SCVWD demand | 0.20 |
| 2/16/2011 | WJH | Review documentation of insurance related claim from Presidio Project | 0.80 |
| 2/22/2011 | GJC | Draft emails to/from client re SCVWD dispute | 0.20 |
| 2/25/2011 | WJH | Conference with client re refund payment from insurance company and former broker demand for same | 0.50 |
| 3/14/2011 | WJH | Conference with P. Brassill re debtor post petition payments to unions for related union benefits | 0.60 |
| 3/14/2011 | WJH | Conference with client re payment of outstanding balance of insurance refund from insurer and broker | 0.30 |
| 3/17/2011 | SLG | Conference with client and WJH re attention to strategy and planning re potential SCVWD contract claim litigation | 0.50 |
| 3/17/2011 | WJH | Draft emails to/from client re SCVWD contract claim | 0.20 |
| 3/17/2011 | WJH | Conference with client and SLG re SCVWD contract claim | 0.50 |
| 3/18/2011 | SLG | Draft emails to/from client re potential SCVWD claim | 0.80 |
| 3/21/2011 | GJC | Review and analysis of client documentation regarding SCVWD labor and materials contracts | 3.10 |
| 3/21/2011 | SLG | Review client spreadsheet calculation re potential SCVWD claim | 1.50 |
| 3/21/2011 | WJH | Review and analysis of client document production on SCVWD contract claim | 0.50 |
| 3/21/2011 | WJH | Conference with M. Dorsa re SCVWD issues | 0.60 |
| 3/28/2011 | WJH | Conference with P. Brassill re Zurich Insurance refund recovery | 0.30 |
| 3/28/2011 | WJH | Review underlying insurance agreement and refund policies for refund claim against broker for balance of refund | 0.50 |
| 3/31/2011 | WJH | Draft emails to/from client re Zurich insurance refund and broker Druml claims | 0.30 |
| 3/31/2011 | WJH | Draft emails to/from Zurich and broker Druml re pending bankruptcy and refund demands, and telephone conference(s) with Zurich claims department re same | 1.00 |
| 3/31/2011 | WJH | Draft emails to/from client re Zurich insurance refund process and potential claims by and against broker Druml, and conference with client and P. Brassill re same | 0.60 |
| 4/1/2011 | WJH | Telephone conference(s) with M. Jakovjevic re Zurich insurance premium refund payment | 0.50 |
| 4/1/2011 | WJH | Draft emails to/from M. Pogwizd re Zurich insurance premium refund payment and return of broker portion of insurance premium refund | 0.50 |
| 4/1/2011 | WJH | Draft emails to/from broker Druml re insurance premium refund | 0.20 |
| 4/1/2011 | WJH | Conference with client and P. Brassill re Zurich insurance premium refund and return of broker portion of same | 0.40 |
| 4/7/2011 | WJH | Draft emails to/from client and P. Brassill re receipt of Zurich insurance premium refund | 0.20 |
| 4/7/2011 | WJH | Telephone conference with M. Pogwizd re receipt of Zurich insurance premium refund | 0.30 |
| 4/8/2011 | WJH | Conference with client re action to compel payment of Zurich insurance premium refund | 0.30 |

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 4/11/2011 | WJH | Draft emails to/from M. Pogwizd confirming Zurich insurance refund payment obligation | 0.20 |
| 4/12/2011 | GJC | Review and analysis of client document production responding to SCVWD position on labor and materials contracts | 3.70 |
| 4/18/2011 | WJH | Draft emails to/from client re Zurich delays in issuing promised insurance premium refund, and conference with same | 0.50 |
| 4/19/2011 | WJH | Draft emails to/from M. Pogzid re Zurich breach of agreement to promptly issue insurance premium refund | 0.20 |
| 4/19/2011 | WJH | Telephone conference(s) with M. Pogwidz confirming Zurich issuing insurance premium refund payment | 0.20 |
| 4/21/2011 | WJH | Conference with P. Brassill re debtor effort to recover insurance premium refund balance from Zurich or broker Druml, and review insurance contract re same | 0.30 |
| 4/28/2011 | GJC | Draft emails to/from client re SCVWD receivable issues | 0.40 |
| 5/2/2011 | GJC | Draft demand letter to attorney Brazier re SCVWD receivable claims | 3.70 |
| 5/2/2011 | GJC | Draft emails to/from client re SCVWD receivable | 0.20 |
| 5/2/2011 | GJC | Telephone conference(s) with attorney Brazier re resolving SCVWD receivable claim, and draft emails to/from same | 0.60 |
| 5/10/2011 | GJC | Draft emails to/from client re SCVWD receivable collection status | 0.30 |
| 5/23/2011 | WJH | Conference with client re disputed receivable on pending project | 0.30 |
| 6/5/2011 | GJC | Further review and analysis of client document production on SCVWD receivable claim | 0.60 |
| 6/5/2011 | WJH | Draft emails to/from client re pending SCVWD contract status, SCVWD renewal deadline, and confirmation of bounced checks from Heritage freezing DIP accounts | 0.20 |
| 6/13/2011 | GJC | Draft emails to/from attorney Brazier re resolving SCVWD receivable claim | 0.20 |
| 6/13/2011 | GJC | Review and analysis of SCVWD document production on SCVWD receivable claim | 2.80 |
| 6/14/2011 | GJC | Draft emails to/from attorney Brazier re discovery issues for SCVWD receivable claim | 0.30 |
| 7/7/2011 | GJC | Telephone conference(s) with attorney Brazier re SCVWD receivable | 0.2 |
| 7/7/2011 | GJC | Telephone conference(s) with attorney Brazier re SCVWD receivable | 0.2 |
| 7/28/2011 | WJH | Conference with client re DIP account, pending insurance refund, and pending litigation issues | 0.6 |

|  |  | Totals | 37.00 |

|  |  |  |  |
|--|--|--|--|
| | Attorney Scott L. Goodsell | 3.60 |
| | Attorney Gregory J. Charles | 20.20 |
| | Attorney William J. Healy | 13.20 |

85.00  General Post Petition Operations
212.50
1305.00

237.50
142.50
255.00
405.00
90.00
340.00
90.00

212.50

255.00

127.50

237.50
85.00
212.50
380.00

1395.00
712.50

212.50
255.00
127.50

212.50

127.50

425.00

255.00

212.50

212.50
85.00

170.00

85.00

127.50

127.50

85.00

1665.00

212.50

85.00

85.00

127.50
180.00
1665.00
90.00

270.00
135.00
127.50

270.00

85.00

90.00

1260.00

135.00
90
90

255

16417.50

Asset Sales

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 1/3/2011 | WJH | Draft emails to/from client re equipment sale results and release of disputed collateral proceeds | 0.30 | 127.50 |
| 1/3/2011 | WJH | Conference with M. Dorsa re status of sale of remaining equipment collateral and confirming non-collateral status of Gradall | 0.40 | 170.00 |
| 1/4/2011 | WJH | Conference with P. Brassill and SLG regarding monthly operating report(s), cash collateral, and resolution of disputed equipment sale issue with Heritage | 0.60 | 255.00 |
| 1/4/2011 | WJH | Draft emails to/from client re HSR sold equipment list and related collateral dispute | 0.40 | 170.00 |
| 1/5/2011 | WJH | Conference with K. Dorsa, M. Dorsa and P. Brassill re case status, cash collateral, administrative payments and income issues | 1.50 | 637.50 |
| 1/7/2011 | WJH | Draft emails to/from attorney Lewis re resolving disputed collateral and equipment sale proceeds issues | 0.20 | 85.00 |
| 1/10/2011 | WJH | Draft emails to/from client and attorney Lewis confirming resolution of equipment sale and collateral dispute issues | 0.30 | 127.50 |
| 1/31/2011 | WJH | Conference with M. Dorsa re potential post petition administrative claims by vendors and equipment purchaser | 0.70 | 297.50 |
| 3/4/2011 | WJH | Telephone conference(s) with client re sale of additional assets and scope of pre-petition collateral agreements and cash collateral agreement | 0.30 | 127.50 |
| 3/15/2011 | SLG | Conference with client, P. Brassill and WJH re attention to strategy and planning re resolution of Heritage cash collateral issues and distribution or unencumbered equipment sale proceeds | 1.70 | 807.50 |
| 3/15/2011 | WJH | Conference with client re debtor payment status on various post-petition lease obligations, potential surrender of various leased vehicles, and sale of miscellaneous remaining excess equipment | 2.20 | 935.00 |
| 3/24/2011 | WJH | Conference with P. Brassill re unencumbered vehicles sale proceeds | 0.30 | 127.50 |
| 3/24/2011 | WJH | Draft emails to/from client re buyer complaint on asset sale, and conference with client re same | 1.50 | 637.50 |
| 4/7/2011 | WJH | Draft emails to/from attorney Lewis re equipment sale confirmation | 0.20 | 85.00 |
| 4/13/2011 | WJH | Draft emails to/from attorney Lewis confirming accounting for equipment sale proceeds | 0.20 | 85.00 |
| | | Totals | 10.80 | 4675.00 |

| | | |
|---|---|---|
| Attorney Scott L. Goodsell | 1.70 | |
| Attorney William J. Healy | 9.10 | |

Asset Sales

Leases and Excutory Contracts

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 1/3/2011 | WJH | Draft emails to/from attorney Raffi confirming GECC lease payment terms | 0.20 | 85.00 |
| 1/3/2011 | WJH | Review former landlord motion for attorneys fees | 0.60 | 255.00 |
| 1/4/2011 | WJH | Draft emails to/from client confirming payment of administrative claims and rent pursuant to prior court hearings | 0.20 | 85.00 |
| 1/4/2011 | WJH | Draft debtor opposition to former landlord motion for payment of attorneys fees | 1.80 | 765.00 |
| 1/4/2011 | WJH | Conference with M. Dorsa and P. Brassill re debtor opposition to former landlord motion for payment of attorneys fees | 0.60 | 255.00 |
| 1/5/2011 | WJH | Telephone conference(s) with attorney Lewis re cash collateral and equipment sale issues, and draft emails to/from same | 0.50 | 212.50 |
| 1/5/2011 | WJH | Draft emails to/from client re cash collateral and equipment sale issues | 0.30 | 127.50 |
| 1/5/2011 | WJH | Prepare for Bankruptcy Court hearing on former landlord motion for attorneys fees | 0.60 | 255.00 |
| 1/6/2011 | WJH | Review former landlord reply brief on motion for attorneys fees | 0.50 | 212.50 |
| 1/6/2011 | WJH | Attend Bankruptcy Court status conference hearing and Bankruptcy Court hearing on former landlord motion for attorney fees | 1.50 | 637.50 |
| 1/6/2011 | WJH | Draft emails to/from client re Bankruptcy Court order approving rejection of lease and payment of landlord administrative rent | 0.20 | 85.00 |
| 1/6/2011 | WJH | Conference with client and P. Brassill re payment of administrative rent and landlord attorneys fees | 0.40 | 170.00 |
| 1/10/2011 | WJH | Review Ahern Rentals motion for administrative claim, and conference with client re same | 1.00 | 425.00 |
| 1/10/2011 | WJH | Conference with M. Dorsa and P. Brassill re paying former landlord attorneys fees | 0.50 | 212.50 |
| 1/12/2011 | WJH | Review Ahern Rentals motion for administrative claim | 0.40 | 170.00 |
| 1/12/2011 | WJH | Draft emails to/from client re debtor purchase option for Ahern Rentals equipment and response from opposing counsel re same | 0.50 | 212.50 |
| 1/12/2011 | WJH | Draft emails to/from attorney Holder re debtor purchase option for Ahern Rentals equipment | 0.60 | 255.00 |
| 1/12/2011 | WJH | Conference with client and P. Brassill re Ahern Rentals motion for administrative claim | 0.40 | 170.00 |
| 1/12/2011 | WJH | Conference with client re returning leased Ford Expedition and review and analysis of related lease agreement | 0.50 | 212.50 |
| 1/12/2011 | WJH | Draft emails to/from client confirming former landlord claim payment | 0.20 | 85.00 |
| 1/14/2011 | WJH | Draft emails to/from attorney Holder re Ahern Rentals motion for administrative expense and related documents | 0.60 | 255.00 |
| 1/18/2011 | WJH | Conference with P. Brassill regarding GMAC and Ally Financial lease rejections and payments | 0.20 | 85.00 |
| 1/21/2011 | WJH | Review proposed stipulation to surrender vehicle to FMCC, and telephone conference(s) with M. Hollinger re same | 0.30 | 127.50 |
| 1/21/2011 | WJH | Conference with client confirming of surrender of vehicle to FMCC | 0.30 | 127.50 |
| 1/21/2011 | WJH | Telephone conference(s) with client and P. Brassill re potential resolution of Ahern Rentals motion for administrative payment | 0.30 | 127.50 |
| 1/24/2011 | WJH | Draft emails to/from attorney Holder re approval of stipulation for payment to Ahern Rentals | 0.20 | 85.00 |
| 1/24/2011 | WJH | Telephone conference with attorney Holder office regarding debtor non-appearance at hearing and submission of stipulation | 0.20 | 85.00 |
| 1/24/2011 | WJH | Draft debtor statement of non-opposition to and non-appearance at hearing on Ahern Rentals motion for administrative claim | 0.30 | 127.50 |
| 1/24/2011 | WJH | Draft emails to/from client re complying with orders to surrender Ford Expedition and Ford F250 truck | 0.20 | 85.00 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 1/31/2011 | WJH | Draft emails to/from P. Brassill re order for former landlord payment | 0.20 | 85.00 |
| 2/1/2011 | WJH | Conference with client re court approval of Ahern Rentals administrative claim payment | 0.30 | 127.50 |
| 2/2/2011 | WJH | Conference with P. Brassill re Ahern Rentals payment | 0.30 | 127.50 |
| 2/3/2011 | WJH | Conference with client and P. Brassill to prepare for Bankruptcy Court hearing to approve Ahern Rentals stipulation | 0.20 | 85.00 |
| 2/4/2011 | WJH | Attend Bankruptcy Court hearing on motion to Ahern Rentals administrative payment | 1.00 | 425.00 |
| 2/4/2011 | WJH | Conference with HSR regarding order granting FMCC relief from stay and surrender of 2008 F250 | 0.30 | 127.50 |
| 2/7/2011 | WJH | Draft emails to/from client re Ally Financial claim and review related documentation | 0.30 | 127.50 |
| 2/7/2011 | WJH | Conference with client and P. Brassill re Ally Financial claim | 0.70 | 297.50 |
| 2/9/2011 | WJH | Draft emails to/from P. Brassill re order to pay Ahern Rentals | 0.20 | 85.00 |
| 2/9/2011 | WJH | Conference with client re efforts to avoid post petition claims similar Ahern Rentals | 0.70 | 297.50 |
| 2/14/2011 | WJH | Conference with client re surrender of Ford Expedition to FMCC | 0.20 | 85.00 |
| 2/21/2011 | WJH | Review Ally Financial deficiency claim on returned vehicle | 0.20 | 85.00 |
| 2/21/2011 | WJH | Conference with P. Brassill re deficiency claims on surrendered equipment and rejecting contracts if potential deficiencies | 0.30 | 127.50 |
| 2/22/2011 | WJH | Conduct legal research re non-party rights to force assumption or rejection of pending contract and surety rights relative to rejected contract | 1.40 | 595.00 |
| 2/23/2011 | WJH | Conference with client re assumption and rejection of various contracts and leases | 0.80 | 340.00 |
| 2/23/2011 | WJH | Review vehicles leases regarding surrender of various vehicles and potential claim issues | 0.60 | 255.00 |
| 2/23/2011 | WJH | Conference with P. Brassill re leases expiration and purchase issues and sale of unencumbered vehicles to streamline debtor operations | 0.50 | 212.50 |
| 3/21/2011 | WJH | Conference with P. Brassill re FMCC claims | 0.40 | 170.00 |
| 3/25/2011 | WJH | Conference with client re surrendering leased vehicles and related cash flow issues | 0.60 | 255.00 |
| 4/18/2011 | WJH | Review GECC notice of lease payment default | 0.20 | 85.00 |
| 4/18/2011 | WJH | Conference with client and P. Brassill re GECC notice of lease payment default and adequate protection issues | 0.50 | 212.50 |
| 4/19/2011 | WJH | Telephone conference(s) with attorney Raffi re GECC notice of lease payment default, and draft emails to/from same confirming resolution | 0.60 | 255.00 |
| 4/19/2011 | WJH | Prepare email correspondence to Attorney Raffi regarding Debtor's evidence of compliance with ADP agreement | 0.20 | 85.00 |
| 4/19/2011 | WJH | Conference with P. Brassill re same | 0.30 | 127.50 |
| 4/19/2011 | WJH | Draft emails to/from client re potential debtor buyout of GECC vehicle leases, and conference with same | 0.60 | 255.00 |
| 5/5/2011 | WJH | Conference with P. Brassill re potential debtor buyout or surrender of GECC leased vehicles | 0.30 | 127.50 |
| 5/5/2011 | WJH | Draft emails to/from attorney Raffi re debtor potential buyout or surrender of GECC leased vehicles | 0.20 | 85.00 |
| 5/9/2011 | WJH | Draft emails to/from attorney Raffi confirming final payoff on GECC vehicle leases | 0.20 | 85.00 |
| 6/8/2011 | WJH | Conference with client re payoff or surrender of GECC leased vehicles | 0.50 | 212.50 |
| 6/8/2011 | WJH | Draft emails to/from attorney Raffi confirming payoff figures for GECC leased vehicles | 0.20 | 85.00 |
| 6/15/2011 | WJH | Draft emails to/from attorney Kim confirming payoff sums for GECC vehicle leases | 0.20 | 85.00 |

| | | | | |
|---|---|---|---|---|
| 6/15/2011 | WJH | Conference with K. Dorsa, M. Dorsa and P. Brassill re debtor surrender or payoff of vehicle leases | 0.70 | 297.50 |
| 6/20/2011 | WJH | Draft emails to/from attorney Raffi confirming debtor surrender of GECC leased vehicles | 0.20 | 85.00 |
| 6/20/2011 | WJH | Conference with M. Dorsa and K. Dorsa re cooperating in surrender of GECC leased vehicles | 0.20 | 85.00 |
| 6/21/2011 | WJH | Conference with client re surrendering GECC leased vehicles, and draft emails to/from same | 0.5 | 212.5 |
| 6/21/2011 | WJH | Draft emails to/from attorney Raffi re surrendering GECC leased vehicles | 0.2 | 85 |
| 7/6/2011 | WJH | Draft emails to/from client and attorney Raffi re surrendering GECC leased vehicle | 0.2 | 85 |
| 7/26/2011 | WJH | Draft emails to/from client re Ahern Rentals payment demands | 0.2 | 85 |
| 7/26/2011 | WJH | Review and analysis of Ahern Rentals payment demands, and draft emails to/from client re same, and conference with same | 0.5 | 212.5 |

| | | |
|---|---|---|
| Totals | 30.00 | 12750.00 |

Attorney William J. Healy       30.00

Leases and Executory Contracts

| Date | Atty | Description | Hours | Amount | |
|---|---|---|---|---|---|
| 1/7/2011 | WJH | Adversary Proceeding Conduct legal research creditor burden to avoid unintentional continuing automatic stay violation resulting from pre-petition actions, and recoverable damages for same | 4.20 | 1785.00 | Adversary I |
| 1/11/2011 | WJH | Further conduct legal research re debtor damage claim for surety violation of automatic stay by refusing to withdraw stop notices to pending projects | 1.80 | 765.00 | |
| 1/12/2011 | WJH | Conference with client re Colt Engineering citation and relationship to surety issues | 0.60 | 255.00 | |
| 1/18/2011 | WJH | Further conduct legal research re damages for surety violation of automatic stay | 1.40 | 595.00 | |
| 2/8/2011 | GJC | Telephonic court appearance on case management conference for adversary proceeding case | 0.30 | 135.00 | |
| 3/8/2011 | GJC | Attend Bankruptcy Court hearing on adversary proceeding | 0.90 | 405.00 | |
| 3/8/2011 | GJC | Draft emails to/from client re Bankruptcy Court hearing on adversary proceeding | 0.20 | 90.00 | |
| 3/8/2011 | WJH | Conference with client re Bankruptcy Court hearing on adversary proceeding | 0.20 | 85.00 | |
| 3/9/2011 | WJH | Conference with client re expediting resolution of pending adversary proceeding | 0.40 | 170.00 | |
| 3/22/2011 | WJH | Conference with P. Brassill re evaluating debtor damage claims against surety and scope of adversary proceeding | 0.50 | 212.50 | |
| 4/26/2011 | WJH | Conduct legal research re recent Bankruptcy Court reported decisions on preference and automatic stay violation issues related to debtor pending claims against surety, including surety affirmative duty issues | 1.50 | 637.50 | |
| 6/4/2011 | GJC | Conduct legal research re preparing debtor motion for summary judgment on preference and stay violation against surety in adversary proceeding | 2.90 | 1305.00 | |
| 6/4/2011 | GJC | Review and analysis of prior client document production and prior Bankruptcy Court pleadings filed for drafting debtor motion for summary judgment in adversary proceeding | 3.20 | 1440.00 | |
| 6/5/2011 | GJC | Continue drafting debtor motion for summary judgment on adversary proceeding | 4.00 | 1800.00 | |
| 6/30/2011 | GJC | Draft emails to/from attorney Long re scheduling Rule 2004 examination deposition | 1.10 | 495.00 | |
| 7/5/2011 | WJH | Conduct legal research re surety cited authorities for proposition that surety controls job profits in bankruptcy cases | 3.1 | 1,317.50 | |
| 7/7/2011 | WJH | Conference with client and SLG re results of Bankruptcy Court hearing on surety motion to compel debtor rejection of bonded contracts, including attention to strategy and planning re impact on pending surety adversary proceeding | 0.6 | 255 | |
| 7/7/2011 | GJC | Draft client discovery responses, including conference with client re same, for surety adversary proceeding | 4.9 | 2,205.00 | |
| 7/7/2011 | GJC | Continue drafting client discovery responses, including further conference with client re same, for surety adversary proceeding | 4.9 | 2,205.00 | |
| 7/8/2011 | GJC | Review correspondence from attorney Long re surety discovery demands in surety adversary proceeding | 1.1 | 495 | |

| | | | |
|---|---|---|---|
| 7/8/2011 GJC | Review correspondence from attorney Long re surety discovery demands in surety adversary proceeding | 1 | 450 |
| 7/14/2011 GJC | Review and analysis of surety motion to compel debtor deposition | 0.4 | 180 |
| | Totals | 39.20 | 17282.50 |

Attorney Gregory J. Charles      24.90
Attorney William J. Healy      14.30

Proceeding

Claims Analysis

| Date | Initials | Description | Hours | Amount |
|------|----------|-------------|-------|--------|
| 1/3/2011 | WJH | Telephone conference(s) with SCC Tax Assessor re alleged lien sale notice and debtor pending bankruptcy proceeding | 0.50 | 212.50 |
| 1/13/2011 | WJH | Review and analysis of surety various pleadings re monies expended to satisfy subcontractor claims on various projects, and review surety documentation re same including surety/claimant releases signed | 1.00 | 425.00 |
| 1/14/2011 | WJH | Telephone conference with Union Bank re demand for pre-petition credit card charges | 0.60 | 255.00 |
| 1/14/2011 | WJH | Conference with client re Union Bank demand for payment of pre-petition credit card charges and review of related credit agreements | 0.40 | 170.00 |
| 1/18/2011 | WJH | Review Bar Association response to creditor Sweeney prosecution of claim through fee arbitration and potential collateral estoppel issues from arbitration action | 0.70 | 297.50 |
| 1/19/2011 | SLG | Draft emails to/from client and draft emails to/from attorneys Long and Johnson re further data on Ron's Trucking/Presidio claim | 1.50 | 712.50 |
| 1/19/2011 | WJH | Draft emails to/from client re Bar Association stay of Sweeney collection proceedings due to HSR bankruptcy | 0.50 | 212.50 |
| 1/19/2011 | WJH | Review Ron's Trucking post-petition state court collection complaint and compare with filed creditor proof of claim for apparent bankruptcy notice and willful violation of automatic stay | 0.60 | 255.00 |
| 1/19/2011 | WJH | Draft notice of bankruptcy stay to respond to Ron Trucking state court collection complaint | 0.20 | 85.00 |
| 1/19/2011 | WJH | Draft letter to counsel for Ron Trucking re willful violation of automatic stay and demand for dismissal of state court collection action | 0.30 | 127.50 |
| 1/19/2011 | WJH | Conduct legal research re alleged requirement to name contractor in any action against surety (as proposed by Ron Trucking counsel) as not violating automatic stay | 0.60 | 255.00 |
| 1/24/2011 | WJH | Draft motion for contempt for Ron's Trucking violation of automatic stay by state court collection complaint | 0.50 | 212.50 |
| 1/24/2011 | WJH | Telephone conference with Ron's Trucking counsel re draft motion for contempt for violation of automatic stay | 0.20 | 85.00 |
| 1/27/2011 | WJH | Conference with client and P. Brassill re review and analysis of IRS asserted claims | 0.40 | 170.00 |
| 1/27/2011 | WJH | Conference with client re United Rentals claims | 0.60 | 255.00 |
| 1/31/2011 | WJH | Conference with M. Dorsa re United Rentals claims | 0.50 | 212.50 |
| 1/31/2011 | WJH | Telephone conference with United Bank representative re demand for payment of pre-petition debt and pending bankruptcy case | 0.40 | 170.00 |
| 1/31/2011 | WJH | Conference with client and P. Brassill re notice to United Bank of bankruptcy stay and related matters | 0.80 | 340.00 |
| 2/2/2011 | WJH | Conference with client re United Rentals claims and surety obligations | 0.30 | 127.50 |
| 2/2/2011 | WJH | Review various claims by United Rentals and surety for apparent double recoveries | 0.70 | 297.50 |
| 2/2/2011 | WJH | Draft emails to/from attorney Sholander re United Rentals claims and surety obligations | 0.20 | 85.00 |

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 2/2/2011 | WJH | Further review and analysis of client documentation re pre-petition payment to United Rentals on Santa Clara based claim and surety coverage of others, including conference with client re same | 0.80 | 340.00 |
| 2/4/2011 | WJH | Telephone conference with M. Paul re pending bankruptcy and Union Bank payment demand for pre-petition and potential post-petition charges | 0.40 | 170.00 |
| 2/7/2011 | WJH | Review documentation re United Rentals claim and related litigation | 0.60 | 255.00 |
| 2/7/2011 | WJH | Conference with M. Dorsa re United Rentals claim and related litigation | 0.40 | 170.00 |
| 2/8/2011 | WJH | Telephone conference with M. Paul re request for documentation of US Bank credit balance, status of bankruptcy and claims requirement, and post petition use of credit card | 0.60 | 255.00 |
| 2/8/2011 | WJH | Conference with client re communication with US Bank and post petition credit card use | 0.30 | 127.50 |
| 2/9/2011 | WJH | Conference with client re United Rentals and surety matters status and other potential claims | 1.20 | 510.00 |
| 2/10/2011 | WJH | Draft letter to attorney Bound re Ron's Trucking continuing violation of automatic stay in prosecuting state court complaint | 0.30 | 127.50 |
| 2/11/2011 | WJH | Conference with client re enforcement of automatic stay issues and potential affirmative claims against Ron's Trucking for Presidio Project damages, including review client documentation for affirmative claims against Ron's Trucking for Presidio Project damages | 1.70 | 722.50 |
| 2/14/2011 | WJH | Review IRS proof of claim(s) | 0.60 | 255.00 |
| 2/16/2011 | WJH | Review Presidio Trust claim against debtor | 1.30 | 552.50 |
| 2/17/2011 | SLG | Review and analysis of Presidio proof of claim(s) | 1.00 | 475.00 |
| 2/17/2011 | WJH | Draft emails to/from client re Economy Trucking settlement with Safeco and subsequent claim against debtor new surety and scope of settlement agreement | 0.20 | 85.00 |
| 2/17/2011 | WJH | Review scope of Safeco settlement agreement with subcontractors and Economy Trucking subsequent claim against debtor new surety | 0.70 | 297.50 |
| 2/17/2011 | WJH | Conduct legal research re surety obligation to pay claims in full and obtain debtor release | 2.40 | 1020.00 |
| 2/17/2011 | WJH | Conference with client re scope of surety settlement agreement, new surety anticipated response to Economy Trucking subsequent claim, and related potential violation of automatic stay issues | 0.60 | 255.00 |
| 2/17/2011 | WJH | Review Presidio filed proof of claim, and conference with client and P. Brassill re same | 0.80 | 340.00 |
| 2/21/2011 | WJH | Conference with client confirming surety involvement with United Rentals matters and tender of litigation matter to surety | 0.60 | 255.00 |
| 2/21/2011 | WJH | Telephone conference(s) with attorney Bound re Ron's Trucking post-petition complaint for pre-petition debt and violation of stay issues | 0.30 | 127.50 |
| 2/21/2011 | WJH | Conference with client re Ron's Trucking post-petition complaint for pre-petition debt and violation of stay issues | 0.20 | 85.00 |
| 2/21/2011 | WJH | Draft letter to attorney Bound re notice of bankruptcy and related filed proof of claim | 0.20 | 85.00 |

| | | | | |
|---|---|---|---|---|
| 2/22/2011 WJH | Conference with P. Brassill re response to City tax assessment | | 0.60 | 255.00 |
| 2/22/2011 WJH | Telephone conference with attorney Bound re Ron Trucking post-petition state court complaint and violation of stay | | 0.40 | 170.00 |
| 2/22/2011 WJH | Draft letter to Superior Court re notice of bankruptcy stay | | 0.20 | 85.00 |
| 2/22/2011 WJH | Conference with client confirming stay of Ron Trucking state court complaint and anticipated debtor dismissal from case | | 0.30 | 127.50 |
| 2/22/2011 WJH | Review surety settlement agreement with Economy Trucking and others re surety failure to release claims directly against debtor | | 1.60 | 680.00 |
| 2/22/2011 WJH | Conference with client re surety settlement agreement with Economy Trucking and others, and failure to release claims directly against debtor | | 0.20 | 85.00 |
| 2/22/2011 WJH | Review Economy Trucking multiple claims against debtor bonding companies | | 0.20 | 85.00 |
| 2/25/2011 WJH | Telephone conferences with M. Powell re US Bank credit agreement, and payment of outstanding balance | | 0.30 | 127.50 |
| 2/25/2011 WJH | Review debtor files re Sweeney law firm handling of pre-petition state court matter and dual representation of debtor and surety | | 0.40 | 170.00 |
| 2/25/2011 WJH | Conduct legal research re Lambco Engineering case and related authorities regarding extent of surety subrogation rights and mechanic lien rights assumed by surety upon payment to subcontractors | | 2.40 | 1020.00 |
| 2/28/2011 WJH | Telephone conference with M. Powell re US Bank claim and violation of automatic stay issues | | 0.40 | 170.00 |
| 2/28/2011 WJH | Conference with client re US Bank collection efforts | | 0.20 | 85.00 |
| 2/28/2011 WJH | Telephone conference with Zanker Landfill re pre-petition debt and bond issues, and draft emails to/from same | | 0.40 | 170.00 |
| 2/28/2011 WJH | Conference with P. Brassill re Zanker Landfill pre-petition debt and bond issues | | 0.20 | 85.00 |
| 2/28/2011 WJH | Review notice of surety rejection of Economy Trucking claim | | 0.30 | 127.50 |
| 2/28/2011 WJH | Conference with client re Economy Trucking demands for payment of pre-petition debt and related bond claims | | 0.40 | 170.00 |
| 2/28/2011 WJH | Draft letter to Economy Trucking re violation of automatic stay issues | | 0.30 | 127.50 |
| 3/1/2011 WJH | Draft letter to attorney Chang re debtor request for claim documentation | | 0.20 | 85.00 |
| 3/2/2011 WJH | Conference with client re inspecting Presidio Trust documents, and draft email to attorney Chang re same | | 0.40 | 170.00 |
| 3/7/2011 WJH | Conference with client re Sweeney law firm fee arbitrator rulings | | 0.40 | 170.00 |
| 3/9/2011 WJH | Conference with M. Dorsa re surety processing of United Rentals claim | | 0.60 | 255.00 |
| 3/10/2011 WJH | Draft letter to United Rentals re bond payments and pending litigation matters | | 0.30 | 127.50 |
| 3/10/2011 WJH | Conference with M. Dorsa re United Rentals and related bond coverage | | 0.20 | 85.00 |
| 3/18/2011 WJH | Review debtor supplemental documentation re potential profit and cost to complete various surety bonded projects | | 1.30 | 552.50 |
| 3/25/2011 WJH | Conference with attorney Johnson re District Court litigation status | | 0.20 | 85.00 |
| 3/25/2011 WJH | On-line PACER records search of District Court pleadings filed by surety for alleged project claims paid | | 0.40 | 170.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 4/13/2011 | WJH | Conference with M. Dorsa re Presidio Trust project claims | 0.30 | 127.50 |
| 4/13/2011 | WJH | Draft emails to/from client re Economy Trucking claim and surety (new) denial of claim | 0.20 | 85.00 |
| 4/13/2011 | WJH | Conference with client re Economy Trucking claim and debtor various bonds status | 0.30 | 127.50 |
| 5/12/2011 | WJH | Draft emails to/from attorney Johnson re pending surety District Court litigation status, and telephone conference(s) with same | 0.20 | 85.00 |
| 5/12/2011 | WJH | Draft emails to/from client re Sweeney law firm collection litigation, and conference with client re Bankruptcy Court options for same | 0.50 | 212.50 |
| 5/12/2011 | WJH | Conference with M. Dorsa re Sweeney law firm collection claim and potential debtor defenses to asserted claim, including review Sweeney Superior Court complaint re same | 1.00 | 425.00 |
| 5/13/2011 | WJH | Draft emails to/from client re potential global resolution of surety claims in District Court litigation | 0.20 | 85.00 |
| 5/20/2011 | WJH | Draft emails to/from client re Superior Court trial setting for Ron's Trucking litigation, and conference with client re surety compromise status with same | 0.50 | 212.50 |
| 5/31/2011 | WJH | On-line PACER records search of filed small claims action related to debtor bankruptcy equipment sale of equipment and Sweeney law firm litigation status | 1.20 | no charge |
| 6/1/2011 | WJH | Conference with M. Dorsa re Economy Trucking release of claim with surety with potential residual claim against debtor | 0.20 | 85.00 |
| 6/15/2011 | WJH | Conference with M. Dorsa re state court subpoena by creditor Ron's Trucking | 0.60 | 255.00 |
| 6/15/2011 | WJH | Draft letter to attorney Browne re debtor objection to Ron's Trucking subpoena | 0.40 | 170.00 |
| 6/24/2011 | WJH | Review IRS amended proof of claim, and conference with client re same | 0.5 | 212.5 |
| 7/18/2011 | WJH | Draft emails to/from attorney Long declining surety demand for expedited motion for relief from stay | 1 | 425 |
| 7/19/2011 | WJH | Draft emails to/from client re Sweeney Mason Superior Court litigation | 0.2 | 85 |
| | | Totals | 44.30 | 19505.00 |

| | | |
|---|---|---|
| Attorney Scott L. Goodsell | 2.50 | |
| Attorney William J. Healy | 41.80 | |

Miscellaneous Union Issues

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 1/13/2011 | WJH | Conference with P. Brassill re terminating various lease agreements and addressing various union claims | 0.60 | 255.00 |
| 1/14/2011 | WJH | Conference with client and P. Brassill re cash collateral projections, Ahern Rentals motion for administrative claim, and union post petition stop notice to TAMC project | 0.80 | 340.00 |
| 1/14/2011 | WJH | Conduct legal research re union post-petition automatic stay violation through tardy stop notice on TAMC project | 1.30 | 552.50 |
| 1/14/2011 | WJH | Telephone conference(s) with attorney Lewis re TAMC matter and potential interpleader of funds agreed owing, and draft emails to/from same | 0.30 | 127.50 |
| 1/19/2011 | WJH | Conference with P. Brassill re payment of administrative expenses and cash collateral projections | 0.50 | 212.50 |
| 1/18/2011 | WJH | Conference with P. Brassill re cash flow projections and payment of administrative expenses | 0.80 | 340.00 |
| 1/19/2011 | WJH | Draft emails to/from client re union payment claims against surety | 0.20 | 85.00 |
| 2/8/2011 | WJH | Review and analysis of debtor payment of post-petition obligations to union and Heritage | 1.70 | 722.50 |
| 2/14/2011 | WJH | Conference with P. Brassill re debtor payment of post petition union obligations and balance of pre petition and potential priority union obligations | 1.20 | 510.00 |
| 2/14/2011 | WJH | Conference with client and P. Brassill and Mr. Dorsa re Contreras pre petition claim for missing pay check and missing tax form | 0.50 | 212.50 |
| 2/15/2011 | WJH | Review prior Contreras union claim award and conference with client re request for union wage documents; and telephone conference(s) with union attorney Reysner re debtor production of union wage documentation | 0.50 | 212.50 |
| 3/4/2011 | WJH | Conference with M. Dorsa re securing payment of pre-petition accounts receivables and related union issues | 0.60 | 255.00 |
| 5/4/2011 | WJH | Conference with M. Dorsa re union benefits, releasing pre-petition receivable and paying related benefits | 0.30 | 127.50 |
| 6/27/2011 | SLG | Conference with client and WJH re attention to strategy and planning re proposing new cash collateral arrangement and effect on on-going operations and potential reorganization options | 2.5 | 1,187.50 |

| | | Totals | 11.80 | 5140.00 |
|---|---|---|---|---|

| | | |
|---|---|---|
| Attorney Scott L. Goodsell | 2.50 | |
| Attorney William J. Healy | 9.30 | |

Initial Fee Application

| Date | | Description | Hours |
|---|---|---|---|
| 1/24/2011 | WJH | Review Heritage objection to CGS interim fee application | 0.60 |
| 1/24/2011 | WJH | Conference with client re Heritage objection to CGS interim fee application | 0.40 |
| 1/26/2011 | WJH | Review First National objection to CGS interim fee application | 0.80 |
| 1/26/2011 | WJH | Conference with client and P. Brassill re objections to CGS interim fee application | 0.60 |
| 1/27/2011 | WJH | Draft notice of continued Bankruptcy Court hearing on CGS interim fee application | 0.30 |
| 1/27/2011 | WJH | Conference with client re same | 0.40 |
| 2/9/2011 | WJH | Review objections to CGS interim fee application | 0.80 |
| 2/9/2011 | WJH | Conference with client re same | 0.40 |
| 2/25/2011 | WJH | Review objections to CGS interim fee application and prepare amended application responding to same | 2.50 |
| 2/25/2011 | WJH | Conference with client re objections to CGS interim fee application | 0.40 |
| 3/1/2011 | WJH | Review Heritage amended objection to CGS interim fee application, and conference with client re same | 1.00 |
| 3/1/2011 | WJH | Draft reply brief on CGS amended interim fee application | 1.40 |
| 3/2/2011 | WJH | Continue drafting reply brief on CGS interim fee application | 0.70 |
| 3/3/2011 | WJH | Prepare for Bankruptcy Court hearing on CGS interim fee application | 1.20 |
| 3/3/2011 | WJH | Review First National amended objection to CGS interim fee application, and conference with client re same | 1.00 |
| 3/4/2011 | WJH | Prepare reply brief regarding CGS application for compensation and related oppositions | 1.30 |
| 3/14/2011 | WJH | Prepare for Bankruptcy Court hearing on CGS amended interim fee application | 1.20 |
| 3/14/2011 | WJH | Conference with SLG re Bankruptcy Court hearing on CGS amended interim fee application | 0.30 |
| 3/14/2011 | WJH | Conference with client re Bankruptcy Court hearing on CGS amended interim fee application | 0.20 |
| 3/15/2011 | WJH | Attend Bankruptcy Court hearing on CGS amended interim fee application | 1.00 |
| | | Totals | 16.50 |
| | | Attorney William J. Healy | 16.50 |

255.00

170.00
340.00

255.00

127.50
170.00
340.00
170.00

1062.50
170.00

425.00
595.00
297.50
510.00

425.00

552.50

510.00

127.50

85.00

425.00

7012.50

Costs And Disbursements　　　　　Description

DATE

| | | |
|---|---|---|
| 12/29/2010 | bankruptcy filing fee | |
| 3/16/2011 | bankruptcy filing fee | |
| 3/30/2011 | Federal Express | |
| 6/8/2011 | Copies/Mail | |
| 6/13/2011 | Bankruptcy Court/parking | |
| 7/21/2011 | copies/mail.overnight mail | |
| 7/27/2011 | Bankruptcy Court/parking | |

　　　　　Total

Amount

26
26
11.67
15
6
135
6

225.67

# EXHIBIT B

LAW OFFICES

# CAMPEAU GOODSELL SMITH

A LAW CORPORATION

440 N. FIRST STREET, SUITE 100
SAN JOSE, CALIFORNIA 95112
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 295-6606

SCOTT L. GOODSELL
GREGORY J. CHARLES
WILLIAM J. HEALY

KENNETH J. CAMPEAU
*OF COUNSEL*

August 19, 2011

Michael Dorsa
HSR General Engineering Contractors, Inc.
440 N. 1st St., #130
San Jose, CA 95112

Re:     *In re HSR General Engineering Contractors, Inc.*
        *U.S. Bankruptcy Court, Northern District of California*
        *Case No.: 10-58737*

Dear Mr. Dorsa:

Enclosed is a copy of United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("Guidelines"). The Guidelines and Bankruptcy Local Rules, Rule 9029-1 require we provided you a copy of the Guidelines and we provided you with the following information:

"Client Review of Billing Statement—A debtor in possession, trustee or official committee shall exercise reasonable business judgment in monitoring the fees and expenses of the estate's professionals. Billing statements should be sent to the employing entity (debtor in possession, trustee or official committee) on a monthly basis. A fee application shall be sent to the employing entity at least 20 days prior to the scheduled hearing date. The application shall be transmitted with a cover letter that contains the following statement:

The court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees provide that a debtor in possession, a trustee or an official committee must exercise reasonable business judgment in monitoring the fees and expenses of the estate's professionals. We invite you to discuss any objections, concerns or questions you may have with us. The Office of the United States Trustee will also accept your comments. The court will also consider timely filed objections by any party in interest at the time of the hearing."

Very truly yours,
CAMPEAU GOODSELL SMITH
/s/ William J. Healy
William J. Healy

Enclosure: As Indicated